the time it should have been returned by defendant.

 We have examined the evidence which is said to support the foregoing items and find it to be too vague and uncertain to sustain a judgment in plaintiff's favor. Evidently, the Court below entertained the same view.

On the other hand, we believe that the District Judge erred in permitting plaintiff to recover the full sum of $1500 for rent of the crane and other equipment for the month ending June 10, 1944, when $350 of this amount was apparently allowed as rental for the concrete mixer for the same month.

 The judgment rendered by the District Court includes the two items of $650 and $350 admittedly due by defendant. The Judge, in allowing plaintiff recovery for the rental of the crane, hopper and mixer for the month ending June 10, 1944, should have taken into consideration the fact that he was permitting recovery for part of the rent due, i. e., the amount of $350, representing the rental of the mixer, which would have been normally included in the $1500 monthly rent. The allowance of the full amount is tantamount to an overcharge of $350 and the judgment will therefore be reduced so as to disallow that sum. However, since defendant failed to direct the judge's attention to the error by application for a new trial, we think that it should bear the costs of appeal.

For the reasons assigned, the judgment appealed from is amended by reducing the amount thereof to the sum of $2499.14 and, as thus amended, it is affirmed. Defendant and appellant is to pay the costs of appeal.

30 So.2d 431

**WOJAHN v. SONIAT.**

**SONIAT v. WOJAHN.**

No. 38216.

April 21, 1947.

John E. Fleury, of Gretna, and George Piazza, of New Orleans, for appellant.

Frank H. Langridge, of Gretna, and Willis C. McDonald, of New Orleans, for appellee.

PONDER, Justice.

On July 31, 1945, Mrs. Charlye Belle Wojahn brought suit against her husband, Leon Edward Soniat, Jr., for separation from bed and board on the ground of abandonment and asked for the custody of their three minor children. On August 6, 1945, the husband brought suit against his wife for separation from bed and board on the ground of habitual intemperance and cruel treatment on the part of the wife of such a nature as to render their living together insupportable. The two cases were consolidated for the purpose of trial. On trial the lower court gave the wife judgment for separation from bed and board, and awarded her the custody of the three minor chil-

dren. The lower court dismissed the husband's suit. The husband has appealed.

The record shows that the husband abandoned his wife; however, he contends that he was justified in leaving his wife because of her cruel treatment and habitual intemperance. He also contends that she neglected their home and the children. The husband failed to prove that the wife neglected her home and children. In fact, the testimony shows that she is a good mother and housekeeper.

Whether or not the wife was habitually intemperate, or was guilty of cruel treatment toward her husband, is purely a question of fact. While there is some conflict in the testimony, it appears that the preponderance refutes the husband's contention. In all cases where there is conflicting testimony as to any fact, the lower court is in a better position to pass on the credibility of the witnesses because it has opportunity to observe the manner in which the testimony is given. We will not set aside the finding of the lower court on a question of fact where there is no manifest error. The only evidence produced by the husband to indicate any habitual intemperance on the part of the wife is the testimony of himself and a bartender. There is evidence in the record that the wife on several occasions, over a period of several years, drank intoxicants, but not to an excessive extent. The bartender's testimony covered a period of some three months during the year 1938, seven years

before this suit was instituted. The lower court was not impressed with his testimony or the manner in which he gave it. The testimony offered by the wife, consisting of relatives and neighbors, refutes the husband's contention. Under such circumstances we would not feel justified in reversing the finding of the lower court in this respect.

 The cruel treatment complained of by the husband is based on his contention that the wife had conducted herself shamelessly with other men on many occasions which caused him untold embarrassment and mental anguish. There was testimony produced by the husband showing that the wife on a certain occasion kissed his brother-in-law, and on another occasion kissed the husband of his cousin. There is nothing to show that the wife did anything other than this, or that it was done with any ulterior motive. In other instances complained of there was no proof of any indiscretion on the part of the wife, and on each occasion one of the husband's relatives or one of the children was present. The testimony of the only witness, produced by the husband, indicating any impropriety on the part of the wife is not convincing or reasonable. The judge of the lower court was not favorably impressed with this testimony. There is some testimony in the record of an insinuating nature that falls far short of establishing any fact. The testimony produced on behalf of the wife is clear and convincing and re-

futes the husband's contention that his wife was habitually intemperate. The lower court was particularly impressed by the testimony of a prominent lady, a neighbor and disinterested witness. After a careful analysis of the testimony, we cannot say that the trial judge erred in his finding of fact.

For the reasons assigned, the judgments rendered by the lower court in these consolidated cases are affirmed at appellant's cost.