For the reasons assigned the judgment appealed from is affirmed.

45 So.2d 637

## RAYNER v. RAYNER.

### No. 39268.

Feb. 13, 1950.

Rehearing Denied March 20, 1950.

Redmond & Harkey, Monroe, for plaintiff-appellant.

Kent Breard, Monroe, for defendant-appellee.

LE BLANC, Justice.

This is a suit instituted by Henry W. Rayner in which he seeks to obtain judg-

ment for an absolute divorce from his wife, Mrs. Ivy Falgout Rayner, to whom he was married during the month of September 1930. Coupled with his demand for a divorce is one to have a considerable amount of property listed in his petition declared to be community property and that he be recognized as the owner of an undivided one-half thereof.

After setting out that he has always fulfilled his duties as a husband, his wife, on the other hand, has so conducted herself that he has separated from her and has not lived with her since on or about March 30, 1947.

He alleges unfaithful conduct on her part while she was living in the matrimonial domicile which had been established at the corner of Carleton Street and Lee Avenue in the city of Monroe, charging specifically that she has lived openly with a certain party by the name of Joe Battaglia. He avers in detail, several acts which would constitute misconduct on her part with this individual and which, if sustained by competent proof, might well entitle him to the judgment of divorce he prays for.

In her answer the defendant admits that she and her husband separated and have not lived together since March 30, 1947 and that she has since occupied the home— referred to in his petition. She categorically denies each and every allegation in which she is charged with unbecoming conduct and avers that her husband's leaving

her on March 30, 1947 was due to no fault of hers at all. She admits that there is a community interest between them consisting of a lot of household goods but affirmatively avers that all of the real estate and properties alleged by him to have been community property are, in fact, her separate paraphernal property under her separate control and solely administered by her with no assistance from him. She then alleges that it was necessary for her to employ attorneys to represent her in this suit to whom she has become indebted in the amount of $1250.00 of which $250.00 has been paid in cash out of her separate funds and that she is entitled to have the fees recognized as a debt of the community interest between herself and her husband, and to a judgment in her favor for that amount in full.

The trial judge, after submission of the case, rendered judgment in favor of the defendant, rejecting the demands of the plaintiff and dismissing his suit at his costs. He further granted judgment in favor of defendant and against plaintiff in the sum of $200.00 for attorneys fees. From that judgment the plaintiff has taken this appeal. Defendant has answered asking for an increase in the amount of the award for attorney's fees to the sum of $1250.00.

We find it unnecessary to go into a lengthy review of the testimony regarding the alleged misconduct on the part of the defendant as we are satisfied that all that the proof shows are matters which

might well give rise to some suspicion but in no manner convince us as being sufficient to sustain a judgment for divorce on the ground of adultery.

Plaintiff produced the testimony of five witnesses, besides his own, and it all relates to incidents which they say were witnessed at the house of the defendant. Whilst one of them claims to have seen the defendant and her alleged paramour in a rather compromising situation, his testimony is weakened by his admission that Battaglia is not the type of man he thinks the defendant would be carrying a courtship with. Furthermore, it is shown that the defendant's mother, a lady sixty-nine years old, and sickly, lived with her and it would seem unlikely that if her daughter cared to indulge in the illicit relations she is charged with carrying on, that she would have done so in her home, under those circumstances.

Otherwise the proof is all of a circumstantial nature and whilst we appreciate the fact that in cases of this kind it is difficult to produce direct proof and that circumstantial or indirect evidence may suffice to support a charge of adultery, it is equally true that the proof should be clear and convincing in order to place the stigma of unchastity upon a married woman who, like the one in this case, has apparently been a faithful wife for seventeen years before her husband separated from her.

■ The case, after all, is one which has to be decided on the testimony of the witnesses and on the credibility which is to be attached to that testimony. These are matters which the trial judge is in a better position to pass on than the appellate court and his findings should not be disturbed unless manifest error appears. We find no such error in this case.

In view of the ruling in the demand for divorce, it becomes unnecessary to consider the demand for separation of property.

■ With regard to the demand for an increase in the amount allowed the defendant for attorney's fees, in view of the amount of property involved and of the legal services rendered in the lower court and before this court as well, we believe that the sum of $200.00 is inadequate and it will accordingly be increased to $500.00.

For the reasons stated, it is ordered that the judgment appealed from be amended by increasing the amount which plaintiff was condemned to pay for defendant's attorney's fees from the sum of Two Hundred ($200.00) Dollars, to the sum of Five Hundred ($500.00) Dollars, and that as thus amended, it be affirmed.

On Application for Rehearing

PER CURIAM.

The application for rehearing is based on an allegation that the judgment rendered is contrary to the law and the evidence and also on the proposition that it improperly allowed the demand made by the wife for attorney's fees and increased the amount awarded; the contention on the latter proposition being that the wife is not en-

titled to recover the fee in her own name, for the reason that she cannot sue the husband during the community to recover a debt.

The facts in the case have been thoroughly reconsidered and we find that the judgment correctly dismissed the demand for divorce which carried with it the rejection of the demand for a separation of the community.

On the question of attorney's fees the contention presented may technically have some merit but as it was not raised in the lower court, nor contested in this court, we will not, therefore, consider it when it is presented for the first time in this application for rehearing. See State ex rel. Murtagh v. Department of City Civil Service et al., 215 La. 1007, 42 So.2d 65, on rehearing.

Rehearing denied.