59 So.2d 180

**CLAY v. CLAY.**

No. 39936.

April 28, 1952.

—◇—

C. B. Prothro, John A. Carstarphen, Jr., Shreveport, for plaintiff-appellant.

Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for defendant-appellee.

HAWTHORNE, Justice.

Plaintiff, Roy Clay, a Negro resident of Shreveport, instituted this suit for an absolute divorce on the ground of adultery against his wife, Ruth Rambo Clay. From a judgment rejecting his demands and dismissing his suit he has appealed.

In another and separate suit Ruth R. Clay obtained a separation from bed and board by judgment signed by the lower court on July 6, 1949. In February, 1951, the district court rendered a judgment, based on the previous judgment in the separation suit, granting to Ruth Clay an absolute divorce and awarding her alimony at $10 per month. Roy Clay appealed from that judgment also. Appellee Ruth Clay answered the appeal in that case seeking an increase in the amount of alimony to $50 per month as originally prayed for in her petition. 221 La. 258, 59 So.2d 182. On motion of the attorneys for appellee Ruth Clay, this court ordered that both of these cases be consolidated for the purpose of argument here.

Plaintiff-appellant in his suit for an absolute divorce alleges that his wife, the defendant-appellee, Ruth R. Clay, committed adultery with Willie Stewart; that the act of adultery was committed at a tourist court on October 21, 1949, at about 12:30 a. m. On the trial of the case on its merits, plaintiff and two other witnesses testified that they observed his wife go into a cabin at the tourist court with Willie Stewart at the time and on the date alleged; that they remained outside until about 2:30 a. m., and that, when they left at this hour, Willie Stewart and Ruth Clay were still in the cabin with the lights turned out.

On the other hand, Ruth Clay and the corespondent both denied that they went to the tourist court, and denied the adultery. Three other witnesses, who stated that they were well acquainted with the corespondent, testified that they were in his company during the time he was supposed to have been with the defendant Ruth Clay at the tourist court, and that during this period of time he was with them at his place of business, a bar and dance hall.

■ The testimony adduced by these litigants, therefore, is in hopeless conflict and cannot be reconciled. The trial judge, who saw and observed the witnesses and the manner in which each gave his testimony, concluded that the plaintiff had failed to make out his case by a preponderance of the evidence, and accordingly rendered judgment dismissing plaintiff's suit. It is well established in the jurisprudence that, in the absence of manifest error, we will not reverse the judgment of the trial court upon a controversial and disputed question of fact. Recent divorce cases recognizing this rule are Arnold v. Arnold, 186 La. 323, 172 So. 172; Rayner v. Rayner, 216 La. 1099, 45 So.2d 637; Moser v. Moser, 220 La. 295, 56 So.2d 553. After reading the testimony adduced at the trial of this case, we cannot say that the trial judge committed manifest error in dismissing plaintiff's suit.

Both of these cases were submitted without oral argument, and in brief filed in this court appellant complains only of the judgment rendered in Suit No. 39,936 on the docket of this court, wherein his petition for divorce on the ground of adultery was rejected. He does not complain of, or point out any error in, the judgment for an absolute divorce rendered in favor of his wife based on the judgment of separation from bed and board which she had previously obtained against him, nor does he complain of the award of alimony fixed by the lower court in that suit at $10 per month. Under these circumstances we will

■

affirm the judgment in that suit in a separate decree.

■ As previously stated, the wife answered the appeal in that case seeking to have the award of alimony increased to $50 a month. The testimony adduced on the claim for alimony was not included in the transcript filed in this court. In the absence of such testimony we cannot review the ruling of the trial judge on this question, and under these circumstances the answer to the appeal will not be considered.

For the reasons assigned, the judgment appealed from in the instant suit, No. 39,936 on the docket of this court, is affirmed at appellant's costs.