**92 So.2d 387**

**Adrian WILLIAMS, Jr.**

v.

**Carolyn Domio WILLIAMS.**

No. 41110.

Dec. 10, 1956.

Rehearing Denied Jan. 21, 1957.

Blanchard & Blanchard, C. A. Blanchard, Donaldsonville, for defendant-appellant.

Miriam Attaya, Gonzales, for plaintiff-appellee.

HAMITER, Justice.

On this appeal prosecuted by the defendant wife, it being from a decree of divorce

granted to the plaintiff husband ·on the ground that they lived separate and apart for more than two years, appellant complains only that the evidence adduced was insufficient to justify the judgment. The complaint, in our opinion, is not well founded.

 Testifying for the plaintiff at the trial held December 4, 1952 were his mother and father who resided in the same parish in which the matrimonial domicile of the litigants existed. Each of them stated emphatically that the parties in question have never lived together since a separation occurred about September 1, 1949. On the other hand the defendant offered no testimony in refutation of such statements, not even her own. Too, in her answer filed to the petition there was no denial of the two year separation allegation and it, therefore, is deemed to have been admitted. LSA–R.S. 13:3601(3).

True, under cross-examination by defense counsel plaintiff's mother and father were unable to testify with certainty and exactness as to the son's whereabouts and actions at all times during the separation period, the questions obviously having been propounded for impeachment purposes. But that is a matter which addresses itself primarily to the credibility of the witnesses, and with respect to it the findings of the trial judge are entitled to great weight. Lejeune v. Lejeune, 187 La. 339, 174 So: 643; Barnes v. LeBlanc, 207 La. 989, 22 So. 2d 404; Wojahn v. Soniat, 211 La. 562, 30 So.2d 431; Rayner v. Rayner, 216 La. 1099, 45 So.2d 637; Clay v. Clay, 221 La. 254, 59 So.2d 180.

After a thorough and careful study of the record we are unable to conclude that the district court committed error in giving effect to the testimony of the parents of plaintiff and in awarding judgment to the latter.

For the reasons assigned the judgment appealed from is affirmed.