GLADNEY, Judge.
This suit was instituted by Mary Marie Perkins against her former landlord, Nathan Wimberly, to recover for damage to furniture, clothes and personal effects which she alleged were removed from the leased premises and placed in the street without lawful authority. Wimberly ad *543 mitted the removal of plaintiff’s property without resorting to lawful process, but defended by contending plaintiff instructed him to “throw it out” as it was valueless, and, that in any event only a negligible amount of damage, if any, was attributable to his action.
After trial on the merits, wherein a number of persons testified in support of the respective parties litigant, judgment was rendered in favor of plaintiff for $120. From this judgment the defendant has appealed and plaintiff has answered the appeal to have the award increased.
Legal foundation for plaintiff’s action is to be found in Art. 2315 of the LSA-Civil Code. The case of Boniel v. Block, 1892, 44 La.Ann. 514, 10 So. 869, holds that where a landlord, instead of resorting to the method provided by law, and without the consent of his tenant removes the latter’s property, he will be liable in damages, although the ejectment was effected without personal violence. The court allowed as damages the sum to cover the actual pecuniary loss of the plaintiff.
The record as presented to us is impressive only in that the evidence presented by both sides is so conflicting it is difficult to resolve the purely factual issues with certainty.
Plaintiff and her husband moved into defendant’s premises at 4100 Hasley Street, which is located in a Negro addition in Monroe, Louisiana. After residing on the premises for one month, plaintiff’s husband, Walter Perkins, abandoned his wife and thereafter plaintiff’s mother moved into the house. These parties soon got behind with their rent and the landlord notified them to vacate, which plaintiff declined to abide by, giving as her reason therefor that she had no other place to go. Thereupon on September 20, 1953, the defendant entered the house, removed all of plaintiff’s furniture and placed it in the yard, where it remained for two days. He testified plaintiff told him to remove her furniture and dispose of her effects. He stated, however, that a few days after the property was removed from the house, he stored it in his garage and the only damage occasioned by his action was when his automobile struck and injured the side of one piece of furniture. Testimony as to the value of the furniture was conflicting and its condition at the time it was removed from the leased premises was not clearly established.
Appellant asserts the judgment is in error in that plaintiff did not sustain the burden of making out her case. It is strenuously argued the testimony of Wimberly and his wife established as a fact the plaintiff told defendant he could throw her furniture and belongings out of the house if he so wished. Plaintiff, of course, denies this and in view of the denial we find it difficult to believe this testimony of the defendant and his wife. It is also pointed out in appellant’s brief that rebuttal testimony pertinent to a collateral issue proved the falsity of the testimony by some of the plaintiff’s witnesses. This point is of no great importance because indeed the record reflects that a great deal of the testimony of the witnesses on each side is indicative of prevarication.
Counsel for plaintiff by answer to the appeal has asked the amount of judgment be increased, but we find no supporting evidence in the record. The mother of plaintiff, it is true, testified some of the furniture which she had given her daughter had cost $129, yet there was no proof of the condition of the furniture and its value at the time it was removed from the leased premises. The trial judge did not assign written reasons for his judgment and we have no way of knowing how he arrived at the amount of the judgment. We do believe, however, the judge a quo was in a far better position than this court is to decide upon the factual issues presented herein, and especially for this reason, we are not inclined to disturb the award.
Repeated decisions of our appellate courts have stated the trial court’s factual determination should not be disturbed on *544 review unless manifestly erroneous, especially when based upon an evaluation of credibility of opposing witnesses. McFarlain v. Jennings-Heywood Oil Syndicate, 1907, 118 La. 537, 43 So. 155; Clay v. Clay, 1952, 221 La. 254, 59 So.2d 180, followed in 221 La. 258, 59 So.2d 182; Bethley v. Cochrane, La.App.1955, 77 So.2d 228; Fourchea v. Maloney Trucking & Storage, Inc., La.App.1956, 88 So.2d 82; Webre v. Jones, La.App.1957, 92 So.2d 110; Roux v. Attardo, La.App.1957, 93 So.2d 332; Cross v. Marquez, La.App.1957, 94 So.2d 117; Pierre v. Galloway, La.App.1957, 96 So.2d 916; Banks v. Food Town Inc., La. App.1957, 98 So.2d 719.
The judgment from which appealed will be affirmed at appellant’s cost.