HAMITER, Justice.
The defendant herein is appealing from a judgment which granted to the plain *911 tiff husband an absolute divorce, on the ground of adultery, and also the custody of the two minor children bom of their marriage. In support of his ruling the trial judge assigned the following written reasons: “The evidence as produced by the plaintiff herein, being in the form of direct evidence as to observations made by disinterested and unbiased witnesses, convinces the Court that acts of adultery did take place by the defendant herein with someone as alleged in the petition to be known by the name of Johnny Carbor; and thus the Court being of the opinion that the wife is guilty of adultery, that she should not under those conditions have custody, care and control of the minor children; * ¡¡s ^»
According to the testimony of plaintiff and of three men friends produced as witnesses in his behalf they, while seated in a parked automobile, observed during the nights of certain specified dates (April 5, 6, 7, 8 and 9, 1956) another man entering the house in which the defendant was then living. Shortly thereafter they went into an alley alongside the house and, by looking through a window, saw such man and the defendant in bed together covered by a sheet. In the house at the time were no other persons and no lights, except one in the kitchen which cast its reflection into defendant’s adjoining bedroom.
Of course, the defendant denied plaintiff’s accusations, and in support of the denial she offered the testimony of several witnesses (including her own and that of her mother). This evidence was to the effect that she and her two children lived in the above mentioned house with her mother who, on the dates that the acts of adultery allegedly occurred, was ill and confined to bed; that during the nights in question all lights of the house were on until about eleven o’clock and the mother was attended by a friend; and that, under the existing conditions, the mother and her friend would have had knowledge of the adulterous conduct charged to the defendant had it taken place.
Thus, the case presents solely a question of fact the resolution of which, in view of the hopeless conflict between the evidence of plaintiff and that of defendant, depends exclusively on the credibility of the witnesses. And in a controversy of this nature we have held on innumerable occasions that in the absence of manifest error we will not disturb the judgment of the trial court. Arnold v. Arnold, 186 La. 323, 172 So. 172; Lejeune v. Lejeune, 187 La. 339, 174 So. 643; Barnes v. Le Blanc, 207 La. 989, 22 So.2d 404; Wojahn v. Soniat, 211 La. 562, 30 So.2d 431; Rayner v. Rayner, 216 La. 1099, 45 So.2d 637; Clay v. Clay, 221 La. 254, 59 So.2d 180.
True, as defense counsel points out, there are discrepancies in the testimony of plaintiff and his witnesses. However, it is true also that there are contradictions in the testimony of defendant and her witnesses.
As being in corroboration of the testimony offered by the defendant, that the mentioned mother was ill and confined to her bed at the time of the occurrence of the alleged adulterous relations, defense counsel directs our attention to a cancelled check and a check stub indicating two payments by the defendant (one for $5 and the other for $6) to a Dr. Braden for medical services. But these documents are of no probative value here; they are dated, respectively, March 26, 1956 and March 30, 1956 (several days prior to the dates in question), and there is no notation on either to suggest that the services rendered were in the nature of house calls to and on behalf of the mother.
Defense counsel also calls attention to the fact that some nine months prior to the institution of the instant suit a judgment was rendered in another proceeding which granted to the plaintiff a separation from bed and board (on the grounds of *912 cruel treatment and abandonment by the wife), awarded to the defendant the custody of the minor children, and condemned plaintiff to pay $75 per month for the children’s support. And, based on that judgment, counsel offers the contention (as alleged in defendant’s pleadings from which we quote) that “ * * * plaintiff herein has well calculated and filed this suit primarily to act as a smoke-screen to delay and stop and avoid the payment of alimony for the support of his children, and to attempt to belittle and embarrass and humiliate your respondent.” The answer to this contention is that the present suit was justified if the testimony given here by plaintiff and his witnesses is true and correct (the trial judge accepted it as being so).
Since there is a hopeless conflict between the evidence of plaintiff and that of defendant (all of which has been carefully read) we are unable to conclude that the trial judge, who saw and heard the witnesses and undoubtedly took into consideration the numerous discrepancies contained in their testimony, manifestly erred in his findings of fact and conclusion. Accordingly, and consonant with the above announced and well, established rule, the judgment rendered should not and will not be disturbed.
For the reasons assigned the judgment appealed from is affirmed at appellant’s costs.
FOURNET, C. J., dissents being of the opinion the evidence lacks the credulity in order to be convincing — especially in so far as to grant the custody of the children to the father.