McBRIDE, Judge.
Defendant has appealed from a judgment of separation from bed and board rendered in his wife’s favor which condemns him to pay alimony at the rate of $200 per month for the support of the two minor children; the judgment also dismissed his reconventional demand.
The marriage took place in 1945 and has traveled a rough and rugged road. The parties separated on about four occasions, and in 1957 the wife instituted a suit for a judgment for separation from bed and board based on grounds of cruelty, which was abandoned when the parties effected a reconciliation.
The wife in the present suit, instituted in August 1958, charges the husband with nonsupport and acts of cruel and inhuman treatment such as to render their living *43 together insupportable; however, no physical violence on the part of the husband is alleged.
The plaintiff’s testimony proves nonsupport and excesses and cruel treatment on the part of appellant, and we perceive no manifest error in the judgment awarding the separation. See LSA-C.C. art. 138. She alleged in her petition and testified that defendant constantly told her he did not love her; he showed no affection towards her and did not remember their wedding anniversaries or her birthdays; he never took her out, but would take the children, forbidding them to tell their mother where they had been; he sneered at her repeatedly; when she was sick he refused to assist her in any way; he left with the children on an extended automobile vacation of several weeks’ duration never apprising her thereof until the very morning he left. The latter act precipitated this present suit. Plaintiff testified that her husband paid no attention to her when she conversed with him, and that to impress him with any statement she wanted to make, it would be necessary for her to write him a note; they occupied separate bedrooms. The wife’s testimony is also to the effect her husband refused to give her sufficient money with which to purchase necessities, although he had the means to do so, and, from time to time, it was necessary that she seek financial assistance and sustenance for herself and children from her father and sister. She also stated defendant refused to buy necessary drugs for herself and the children.
Intentional nonsupport by the husband of his wife who' is in destitute or necessitous circumstances is now one of the grounds for a separation from bed and board. See LSA-C.C. art. 138, subd. 8, as amended.
Counsel for appellant argue that defendant told his wife he did not love her only on one occasion and at a time when in an agitated state of mind, and that the one such utterance is insufficient to support the decree of separation. It is true plaintiff produced corroborating evidence for only one instance of the husband having stated he did not love her, but counsel overlook the fact the wife testified that such statements were constantly made by defendant and we think she was speaking the truth when she so testified. It seems appellant’s judicial admissions completely support the wife’s testimony. While on the witness-stand when asked if he loved his wife he replied “No,” and when asked if he desired to live with her as husband and wife, his answer again was “No.”
Cruel treatment under the jurisprudence of this state is not confined to physical mistreatment, abuse, or injury, but can likewise result from mental harassment arising solely from conduct that is the “ ‘very refinement of cruelty,’ without either force or blows.” Moore v. Moore, 192 La. 289, 187 So. 670, 671, and the cases therein cited. Ducros v. Ducros, 156 La. 1033, 101 So. 407, and Parrish v. Parrish, 164 La. 62, 113 So. 764, are authority for the proposition that it is not cruel treatment within the meaning of LSA-C.C. art. 138 for one of the spouses to declare to the other that he or she no longer loves that other. But we believe that where such statements are constantly made, and when such statements are taken in conjunction with other acts of neglect and indifference on the part of the husband, the court may consider the statements in determining whether there exist grounds for separation from bed and board under LSA-C.C. art. 138.
Of course the wife produced no corroboration for much of her testimony, and this is understandable because married persons are not usually given to airing their differences in the presence of other persons, and in cases of this nature the court is usually called upon to adjudicate the case on the basis of the testimony given by the parties themselves. The husband denied most of the wife’s statements and attempt *44 ed to justify his conduct, but the trial court believed the wife rather than accept the husband’s assertions else he would not have rendered the judgment in her favor.
In Butler v. Butler, 236 La. 1039, 109 So.2d 910, 911, the Supreme Court said:
“Thus, the case presents solely a question of fact the resolution of which, in view of the hopeless conflict between the evidence of plaintiff and that of defendant, depends exclusively on the credibility of the witnesses. And in a controversy of this nature we have held on innumerable occasions that in the absence of manifest error we will not disturb the judgment of the trial court. Arnold v. Arnold, 186 La. 323, 172 So. 172; Lejeune v. Lejeune, 187 La. 339, 174 So. 643; Barnes v. LeBlanc, 207 La. 989, 22 So.2d 404; Wojahn v. Soniat, 211 La. 562, 30 So.2d 431; Rayner v. Rayner, 216 La. 1099, 45 So.2d 637; Clay v. Clay, 221 La. 254, 59 So.2d 180.”
Appellant in his reconventional demand for a judgment of separation from bed and board from plaintiff declared upon several grounds which have not been proven. The trial court did not believe him, and we are unwilling to say this was error. Complaint is made that the trial judge refused to allow defendant to testify regarding incidents which occurred prior to 1957, but in the light of the circumstances, we think the ruling was correct. It seems the husband attempted to revert back to a remote period, and in view of the relationship which existed between the parties over a period of years, it would serve no useful purpose to review the long history of their disputations and grievances toward each other.
Two children were born of the marriage, the eldest aged 10 and the other aged 6 (at the time of the trial below). The younger child, unfortunately, is mentally retarded. Appellant complains the award of alimony in the amount oí $200 a month for the children is highly excessive and should be substantially reduced. No provision for alimony for the wife was made because on the day before the case was heard in the court below the matrimonial domicile was sold and each of the parties received in cash about $4,500. Therefore, the plaintiff could not qualify as a wife in necessitous circumstances and she was the beneficiary of no alimony award.
Previously alimony pendente lite had been fixed at $200 per month for the wife and the two children, and it is argued strenuously that the same amount should not have been allowed to the children alone.
Appellant has a good position and his “take home pay,” free of all taxes and deductions, amounts to about $549 per month. In view of the needs of the children, particularly the younger who is retarded, we do not think the monthly award of $200 for their support can be said to be unreasonable or excessive. It is true this was the same amount the court had awarded pendente lite for the support of the wife and both children. We think we understand the reason for this earlier award. The amount of alimony fixed was about all the husband was able to pay, and, therefore, the court, realizing that fact, saw fit not to make an award of any greater amount. The wife is not now in necessitous circumstances and requires no support, and we think the judge was perfectly justified in maintaining the $200 monthly allowance for the children’s support.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.