285 So.2d 263 (1973)
Guster Frederick VEAZEY, Plaintiff-Appellee,
v.
Antoinette NASSAR, Defendant-Appellant.
No. 4323.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1973.
Rehearing Denied December 3, 1973.
*264 Deshotels & Deshotels, by O. H. Deshotels, III, Kaplan, for defendant-appellant.
Fournet & Adams, by Robert J. Adams, Lafayette, for plaintiff-appellee.
Before CULPEPPER, MILLER and PONDER, JJ.
PONDER, Judge.
Plaintiff, Guster Frederick Veazey, filed this suit against his wife, Antoinette Nassar, seeking an immediate judgment of divorce. After a full trial on the merits, the district judge rendered judgment in favor of plaintiff. Defendant has appealed.
The sole issue for determination is whether or not the lower court was manifestly erroneous in concluding that the evidence supported a finding that defendant was guilty of adultery.
On June 7, 1971, plaintiff filed suit against his wife alleging that she had been guilty of committing adultery on many occasions with a man named Carl Binion. Defendant answered the petition by denying all the allegations of wrongdoing. At the trial two completely irreconcilable stories were presented to the trial judge.
Plaintiff offered the testimony of three witnesses to support his charges.
Mr. Elphege Schexnayder stated that he rented a room in Mrs. Veazey's home for several months. He testified that while he was there another man moved into another room which was being rented. It was his observation, however, that the new tenant spent only a few nights in the rented room during the next few months, and Mr. Schexnayder remained under the impression that he was staying in the same apartment as Mrs. Veazey.
Mrs. Verna Blake rented the house adjacent to Mrs. Veazey's from October of 1970 to May of 1971. She testified that Mr. Binion moved into Mrs. Veazey's home in about March of 1971. She stated that Mrs. Veasey herself told her that she and Mr. Binion were sharing the same bedroom and were living together as man and wife. Mrs. Blake further testified that Mrs. Veazey and she would visit with each other daily, and that Mrs. Veazey would always relate the amorous activities which transpired between her and Mr. Binion, including the acts complained of in this case. Some of these statements were made to her in the presence of Mr. Binion, who did not refute them. She further stated that while Mrs. Veazey had plenty of visitors, she did not believe that any of them ever spent the night with her.
Joyce Petry, a daughter of Mrs. Blake, lived with her mother next to Mrs. Veazey's home. Her testimony is substantially the same as her mother's. In addition thereto, however, she related an incident where she had seen the defendant and Mr. Binion right after they had showered together. She states that one afternoon *265 while she was sitting in the yard, Mrs. Veazey called to her through the bathroom window of her apartment and stated that she and her "baby" had just taken a shower. Mrs. Petry states that she asked Mrs. Veazey if they had any clothes on, and the latter replied that they merely had towels around them.
In support of her defense, Mrs. Veazey offered her own testimony, along with the testimony of the alleged co-respondent, Mr. Binion, Mrs. Clifford Broussard, a very close friend, and Mrs. Dalton Touchet, a neighbor. A stipulation regarding what the testimony of her three daughters would be if they would be called to testify was made.
The testimony of all of the defendant's witnesses was to the effect that the only relationship that existed between Mrs. Veazey and Mr. Binion was that of landlord and tenant, and that nothing amiss had ever transpired between them. It was also asserted that the defendant almost always had an overnight visitor in the person of one of her daughters, or Mrs. Broussard, and was visited frequently by Mrs. Touchet at night, and none of these persons felt that there was any immoral relationship between the defendant and Mr. Binion.
Defendant maintains that the lower court erroneously found that she was guilty of the alleged acts of adultery. She argues that the testimony herein is not sufficient to sustain a finding that plaintiff has met his heavy burden required in proving adultery.
Plaintiff, on the other hand, simply argues that defendant has failed to prove manifest error and that the lower court should therefore be affirmed.
The testimony adduced by each of the respective parties to this controversy is diametrically opposed to that of the opposition. The trial judge could in no way reconcile the antipodal stories. Consequently, the only solution was to employ his discretion and determine which side was telling the truth. Thus, the case presents solely a question of fact, the resolution of which, in view of the hopeless conflict between the evidence of plaintiff and that of defendant, depends exclusively on the credibility of the witnesses. Conclusions of fact of the trial judge are entitled to great weight and should not be disturbed upon review in the absence of manifest error, especially when based upon an evaluation of the credibility of opposing witnesses. Butler v. Butler, 236 La. 1039, 109 So.2d 910 (1959); Clay v. Clay, 221 La. 254, 59 So.2d 180 (1952); Rayner v. Rayner, 216 La. 1099, 45 So.2d 637 (1950); Blackman v. Blackman, 253 So.2d 672 (La.App. 2 Cir. 1971); Primus v. Primus, 129 So.2d 925 (La.App. 1 Cir. 1961). We cannot say that the trial judge was erroneous in accepting plaintiff's version of what happened.
Furthermore, we are convinced that the testimony of plaintiff's witnesses is sufficient to sustain the plaintiff's burden for proving adultery. It is well settled that circumstantial evidence is sufficient to prove adultery if such be so convincing as to exclude any other reasonable hypothesis but that of guilty. Pilgrim v. Pilgrim, 235 La. 112, 102 So.2d 864 (1958); Harris v. Harris, 228 La. 19, 81 So.2d 705 (1955); Hermes v. Deacon (Hermes), 275 So.2d 416 (La.App. 4 Cir. 1973); Johnson v. Johnson, 268 So.2d 114 (La.App. 3 Cir. 1972); Dubois v. Falgout, 268 So.2d 70 (La.App. 3 Cir. 1972); Havens v. Havens, 236 So.2d 260 (La.App. 3 Cir. 1970). While the secret nature of the act of adultery almost always will prevent its establishment by direct evidence, the testimony herein did establish that the defendant and her co-respondent lived together for months in the same apartment. Furthermore, they were seen together in the same bathroom covered only by towels after they had allegedly showered together. In addition to the above circumstances, we also have the admissions by defendant to Mrs. Blake and Mrs. Petry that she engaged in sexual activities with Mr. Binion. We *266 agree with the trial judge that plaintiff has proved the adulterous acts alleged in his petition.
For the reasons assigned, the judgment is affirmed. Defendant is to pay all costs.
Affirmed.