COVINGTON, Judge.
This is a concursus proceeding invoked by Central Credit Corporation, Mid-City Branch, Inc., hereinafter called Central Credit.
On September 10, 1969, Central Credit issued a $5,000.00 “Subordinated Certificate of Indebtedness”, bearing No. 1002, to “Gene McFerrin or bearer”, payable August 15, 1974, bearing interest at the rate of 8% per annum payable semi-annually.
In the proceeding, Central Credit admitted its liability for the full amount of the debenture, deposited $5,600.00, representing the principal and accrued interest, in the registry of the court, and cited the four claimants to the proceeds to appear and assert their respective claims. Those claiming ownership or rights in and to the proceeds are: Larry A. Roach, the appellant, *1303 and Richard M. Cochran, Jr., Roland C. Kizer, Jr., and Western Surety Company, the appellees.
The claim of Larry A. Roach is based upon transfer of the debenture to him by the holder, McFerrin, as payment of attorney’s fees. The transfer took place in New Orleans on July 30, 1972, with McFerrin endorsing the debenture in the presence of witnesses. Upon receipt of the debenture, Roach placed it in his safe deposit box in Lake Charles.
The claims of Cochran, Kizer and Western Surety, the appellees, arise out of judgments obtained by them against McFerrin, on which they had sought execution by seizure and garnishment of the said debenture. The claims can be considered together, because the appellees stipulated in the trial court as to the division among them in the event they prevail in the suit, viz: $2,300.00 to Cochran, $1,500.00 to Western Surety Company, and $1,800.00 to Kizer, with each of them bearing one-third of the costs.
The trial court dismissed Roach’s claim and awarded the amount deposited, admittedly the total amount owed by Central, in accordance with the stipulation. Roach appealed suspensively. We affirm.
On the trial Roach testified that the transfer of the debenture was made to him in partial payment of his legal fees and expenses. Roach also testified that he did not notify Central Credit of the transfer, he did not collect any interest thereon, and he made no demand for payment to Central Credit. Roach explained that the legal services were rendered to McFerrin over a period of time. He kept no records of the time he devoted to work for McFerrin and no fee was ever agreed upon between the attorney and client. McFerrin testified that “I don’t think we talked about a legal fee,” but that Roach had rendered legal services to him. McFerrin responded to the question: “Did he (Roach) mention anything to you about a fee or needing some money or did you mention anything to him about something that you could give him for his time spent?” in this fashion: “I think the way the discussion was, that he (Roach) was running high in expenses and I had the certificate of deposit (debenture) from a finance company here in Baton Rouge that I endorsed and gave him to hold as his legal fee.”
From this testimony, after considering all of the evidence in the case, the trial court made the finding that “originally the understanding was that the arrangement was a security device not a transfer of ownership. This is further borne out by the failure to register the assignment and the absence of efforts to collect the accrued interest.” Further, appellant neither reported the debenture or interest on his income tax nor on his financial statement. A further insight into the character of the McFerrin-Roach association is gained from the fact that McFerrin, in financial difficulties which resulted in civil suits and criminal charges in at least two states, executed a dation en paiement to Roach affecting real property in Calcasieu Parish, but the latter did not file it for recordation until after the property was seized by a judgment creditor some five months later.
We agree with the finding of the trial court that there was no negotiation of the debenture to Roach, but rather that McFer-rin gave it to Roach to hold for the former. The evidence is sufficient to support the factual findings of the trial court, based on its evaluation of the credibility of the witnesses and reasonable inferences drawn from the evidence; Rayner v. Rayner, 216 La. 1099, 45 So.2d 637 (1950); Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973).
For the foregoing reasons, the judgment of the trial court is affirmed. The appellant is cast for the costs on appeal.
AFFIRMED.