449 So.2d 178 (1984)
Nigel R. NICHOLSON, Plaintiff-Appellant,
v.
LOUISIANA DEPARTMENT OF TRANSPORTATION & DEVELOPMENT, Defendant-Appellee.
No. 83-567.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1984.
*179 H. Dillon Murchison, Lafayette, for plaintiff-appellant.
Robert J. Jones, Baton Rouge, for defendant-appellee.
Before DOMENGEAUX, STOKER and DOUCET, JJ.
DOUCET, Judge.
Plaintiff, Nigel R. Nicholson, brought this action against the Department of Transportation and Development (DOTD) alleging a defect in State Highway 467 contributed to injuries received in a vehicular collision. The trial judge found the plaintiff failed to establish the existence of a contributing defect and dismissed plaintiff's demands. Plaintiff appeals. We affirm.
Plaintiff, brought suit seeking damages allegedly resulting from a head-on collision between his 1978 Mercury and one Timothy Brown's 1977 Chevrolet. The accident occurred at the crest of a hill on Highway 467 near Leesville, Louisiana, when Brown allegedly swerved to avoid a deep pothole, and crossed into plaintiff's lane. Plaintiff suffered personal injuries as did his three year old daughter, Victoria.
Defendant answered, denied negligence, pleaded contributory negligence on the part of plaintiff, and brought a third party demand against Brown, averring that Brown's negligence was the sole, proximate cause of the accident. The defense of contributory negligence was later abandoned.
The third party defendant, Brown, filed this motion for summary judgment, showing that he and his insurer, Prudential, had settled with plaintiff for $10,000.00, and that they had obtained a full release, reserving all rights against defendant, DOTD. The motion for summary judgment was granted and is not before this court.
Plaintiff alleged that the driver of the vehicle, Timothy Brown, swerved to his left to avoid a deep pothole and that the highway was improperly designed, constructed and maintained. On that basis, he seeks recovery from Louisiana DOTD. There is no dispute that the collision occurred entirely within plaintiff's lane.
Plaintiff's evidence included testimony of Timothy Brown, Mrs. Nicholson, wife of plaintiff, and that of Sgt. Lionel Chance. When asked the condition of the roadway, Brown stated it contained "potholes" and at the time of the accident he was "swerving to avoid some object or obstruction."
Mrs. Nicholson stated that subsequent to the accident, the following Monday, she drove along that highway in the vicinity of the accident where Brown had been traveling when she hit a hole in the road that caused her automobile to veer toward the *180 center. The trial judge regarded her testimony as being "contradictory, of a self serving nature, and confusing."
The most favorable evidence for plaintiff's cause consisted of the testimony of Sgt. Lionel Chance. Admittedly a close acquaintance of the plaintiff, he testified that the road had been patched, that there was a depression in the highway of approximately five inches, when compared with the other part of the road surface. Photographs were introduced, one of which showed this witness at the place about which he testified, measuring, with his hands, the extent of the depression. Mr. Chance added that the reason that he swerved to avoid this place was that he had a broken tire rod and that hitting the depressed area would cause his car to shimmy.
Mr. Chance stated that the defect was situated approximately 30 to 40 feet from the crest of the hill which, he assumed, was the point of impact. On cross examination he admitted that he personally did not know where the accident occurred.
State Trooper Cain who investigated the accident testified that he inspected the roadway and found no defects which might have been a contributing cause thereof.
Another State Trooper, Sgt. Edward Spurgeon, similarly stated that he looked for any defect and found none. He testified that there was a patched area but it would cause no difficulty in maintaining control.
Among the numerous photographs taken of the road, none reflected a condition similar to that described by Chance. It is illogical then to conclude that the officer would have failed to photograph the hole or depressed area 5 or 6 inches deep extending several feet in width and length and situated only 30 to 40 feet from the crest of the hill.
The business records of the Highway Department, introduced through the testimony of Walter Jeane, Highway Maintenance Superintendent in the Leesville area since 1977, further rebutted the existence of any such defect in the particular area.
The trial judge held the plaintiff failed to discharge his burden of proof by establishing that there was a defect in the highway, whether a pothole or other such depressed area, which was or could have been a cause in fact or a legal cause of the collision. The court held the mere existence of patch work on the highway, even if that were shown, is insufficient to establish that it was necessary for the driver, Timothy Brown, to swerve into the left lane as he did. The trial judge concluded "The evidence preponderates that the accident was caused solely by the negligence of Timothy Brown. Although the evidence was insufficient to establish that he was under the influence of intoxicating beverages, there was evidence that he had been drinking. For whatever reason, he failed to maintain proper control, was inattentive, and crossed the center line causing the accident. The evidence is insufficient to show that any condition of the road was a contributing factor."
Plaintiff specifies five assignments of error: (1) The trial judge erred in his evaluation of the testimony of certain witnesses; (2) The trial court erred in accepting as opinion certain testimony given by state troopers regarding the condition of the road; (3) The trial court erred in finding plaintiff failed to carry his burden of proof as to the defect and causal relationship to plaintiff's harm; (4) The trial court erred in failing to apply strict liability to the case at bar; and (5) The verdict is contrary to law.
The plaintiff states that the trial court ignored the testimony of Sgt. Brown and further ignored the testimony of Linda Nicholson and Lionel Chance regarding the facts of the accident, particularly the alleged depression in Sgt. Brown's lane of travel. However, the record reveals the trial court did not ignore any of the testimony alluded to by the appellee. On the contrary, the trial court specifically addressed itself to the testimony of Mrs. Nicholson, the answers of Timothy Brown rendered by written interrogatories and *181 testimony of Lionel Chance as to the causes of the accident. In fact, the trial judge made specific findings as to the credibility of each of these items of evidence introduced before it.
Appellant contends the trial judge gave undue weight to the guilty plea Sgt. Timothy Brown entered in response to a charge of driving left of center, a violation of La.R.S. 32:71. Applicable here is the established jurisprudence that where a motorist goes into the wrong traffic lane, and there causes an accident, he is presumed to be negligent. He has the burden of showing there were circumstances justifying his violation of the rule that he drive on the right side of the road. Duet v. Cheramie, 176 So.2d 667 (La.App. 1st Cir.1965); Brown v. Head, 158 So.2d 442 (La.App. 2d Cir.1963); Coody v. Nicholson, 142 So.2d 583 (La.App. 2d Cir.1962); Schaubhut v. Liberty Mutual Insurance Company, 157 So.2d 346 (La.App. 3rd Cir.1963); Noland v. Liberty Mutual Insurance Company, 232 La. 569, 94 So.2d 671 (1957). Belgard v. Aetna Casualty & Surety Company, 227 So.2d 24 (La.App. 3rd Cir.1969) writ denied 255 La. 146, 229 So.2d 731.
In Gregorie v. Hartford Accident & Indemnity Company, 348 So.2d 186 (La. App. 3rd Cir.) writ refused 350 So.2d 1210 (La.1977), this court, quoting Davis v. Bankston, 192 So.2d 614 (La.App. 3rd Cir. 1966) stated:
"Ordinarily, evidence is not admissible in a civil tort action to prove either that a party was charged with, Bertoli v. Flabiano, La.App. 1 Cir., 116 So.2d 76, or convicted of, Reid-Elliott Motors v. Lee, La.App. 1 Cir., 94 So.2d 160, a criminal offense arising out of the same accident. To the contrary, however, the usual rule is that in the absence of a prohibitory statute, a plea of guilty in a criminal case is considered an admission against interest which is competent evidence in a civil action involving the same subject matter. American Casualty Co. v. Lennox, La. App. 4 Cir., 169 So.2d 707; Smith v. Southern National Ins. Co., La.App. 4 Cir., 134 So.2d 337; 4 Wigmore on Evidence, Section 1066 (3d ed., 1940); 31 A C.J.S. Evidence § 300b; 20 Am.Jur., Evidence, Section 648."
While such an admission is not conclusive, the record reveals that the trial judge considered other factors in reaching his factual conclusion regarding the existence of any defect.
Evidently, the trial judge placed greater weight on the testimony of State Trooper Cain who claimed he found no such defect after investigation. Cain's testimony was supported by that of Sgt. Edward Spurgeon who also investigated the accident scene and photographs and business records of the road entered into evidence. A proper foundation was laid for the record's introduction. It was shown that the highway was subject to regular, periodic inspection by employees of the Department of Transportation and Development.
As was stated in Veazey v. Nassar, 285 So.2d 263 (La.App. 3rd Cir.1973):
"The testimony adduced by each of the respective parties to this controversy is diametrically opposed to that of the opposition. The trial judge could in no way reconcile the antipodal stories. Consequently, the only solution was to employ his discretion and determine which side was telling the truth. Thus, the case presents solely a question of fact, the resolution of which, in view of the hopeless conflict between the evidence of plaintiff and that of defendant, depends exclusively on the credibility of the witnesses. Conclusions of fact of the trial judge are entitled to great weight and should not be disturbed upon review in the absence of manifest error, especially when based upon an evaluation of the credibility of opposing witnesses."
Id. at 265. Accord: Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We have reviewed the evidence and find the trial court's evaluations and inferences meet the standard of reasonableness demanded by Canter and progeny.
*182 Appellee seeks to define the testimony of Trooper Cain and Sgt. Spurgeon as expert opinion testimony, not admissible before the trial court and improper for the findings of fact which were made by the trial court.
The testimony of Trooper Michael A. Cain demonstrates that he did not offer any opinion testimony which was objected to at the trial by counsel for the appellant. On the contrary, the testimony of Trooper Cain was clearly directed only to the physical facts which he found when he was called upon to investigate the accident which is a basis of this litigation.
Likewise, the testimony of Sgt. Edward L. Spurgeon is clear that he offered no opinion testimony whatsoever on direct examination by counsel for defendant. The only definition of a highway defect contained in the testimony of Sgt. Spurgeon was the testimony elicited by counsel for plaintiff when counsel for plaintiff asked Mr. Spurgeon to define a defect whereupon he responded "a defect would be anything that would be wrong with the roadway or something whichthat would cause an accident." We find no reversible error in this regard.
The Department has a duty to maintain safe highways. Rue v. State, Department of Highways, 372 So.2d 1197 (La.1979); Sinitiere v. Lavergne, 391 So.2d 821 (La.1980). But all rules of conduct are designed to protect some persons under some circumstances against some risks, thus each case must be evaluated on its own facts to determine the scope of the rule. Hill v. Lundin, 260 La. 542, 256 So.2d 620 (1972); LeBlanc v. State, 419 So.2d 853 (La.1982).
Not only did plaintiff fail to establish the existence of a defect, the evidence shows the accident was the result of third party fault. Where La.Civ.Code Art. 2317 is applicable, the defendant can escape liability by showing the harm was caused by the fault of a third party. Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980). Violation of the duty to remain in one's own lane of travel and being involved in an accident in the opposing lane is third party fault under La.Civ.Code Art. 2317. Devall v. Morgan, 424 So.2d 522 (La.App. 5th Cir.1983); Simon v. Ford Motor Co., 282 So.2d 126 (La.1973).
In finding fault of a third party, the trial judge relied, inter alia, on Brown's plea of guilty to a charge pursuant to La. R.S. 32:71 and evidence indicating his intoxication and familiarity with the roadway in question. We find no manifest error in the trial judge's factual conclusions and further find that he properly applied the law.
For the reasons assigned hereinabove, the judgment appealed is affirmed at appellant's cost.
AFFIRMED.
STOKER, J., concurs.