| ELRAY AND BRENDA LEGE | * | NO. 2020-CA-0252 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| UNION CARBIDE | * | |
| CORPORATION | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *


APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-05598, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *
(Court composed of Judge Regina Bartholomew-Woods, Judge Paula A. Brown, Judge Dale N. Atkins)


**ON APPLICATION FOR REHEARING**

Lewis O. Unglesby
Lance C. Unglesby
Jordan L. Bollinger
Jamie F. Gontarek
Christopher J. Murrell
UNGLESBY LAW FIRM
246 Napoleon Street
Baton Rouge, LA 70802

Jeffrey T. Gaughan
Wells T. Watson
BAGGETT MCCALL BURGESS WATSON & GAUGHAN
3006 Country Club Road
Lake Charles, LA 70605

    COUNSEL FOR PLAINTIFFS/APPELLEES


Brian P. Marcelle
Darryl J. Foster
L. David Adams
David E. Redmann, Jr.
BRADLEY MURCHISON KELLY & SHEA LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163

Michael S. French (*pro hac vice*)
Tiffany N. Watkins (*pro hac vice*)
WARGO & FRENCH, LLP
999 Peachtree Street, NE, 26th Floor
Atlanta, GA 30309

H. Alston Johnson, III
Kevin W. Welsh
PHELPS DUNBAR LLP
400 Convention Street
II City Plaza, Suite 1100
P. O. Box 4412
Baton Rouge, LA 70821-4412


COUNSEL FOR DEFENDANT/APPELLANT

**APPLICATION FOR REHEARING GRANTED FOR CLARIFICATION;
ORIGINAL OPINION AFFIRMED AS CLARIFIED
MAY 12, 2021**

DNA
PAB
RBW

In this mesothelioma and wrongful death action, on April 1, 2021, this Court amended, and affirmed as amended, the trial court's November 5, 2019 judgment, which found Appellant, Birla Carbon USA, Inc. ("Birla"), fifty-one percent at fault for the death of Appellee, Elray Lege, from mesothelioma, and which awarded survival and wrongful death damages to Mr. Lege and his surviving wife and children. On April 14, 2021, Birla timely filed an application for rehearing, contending that this Court should reconsider two aspects of our Opinion: (1) the conclusion that Birla is not entitled to a reduction in the survival action award for the virile share of Orleans Parish defendant Taylor-Seidenbach, with whom the Leges settled prior to trial; and (2) the decision to affirm the trial court's $4 million survival damage award to Mr. Lege in light of this Court's recent decision in *Bagwell v. Union Carbide Corp.*, 2019-0414, 2020 WL 5651699 (La. App. 4 Cir. 9/23/20), *writ granted, judgment rev'd*, 2020-01242 (La. 1/12/21), 308 So.3d 289. We grant rehearing for the purposes of clarifying this Court's April 1, 2021 Opinion on these two issues.

1

### *Virile Share Assignment for Taylor-Seidenbach*

In our original Opinion, we found that, although the trial court's pre-trial judgment denying Birla's declinatory exception of improper venue was *res judicata*, Birla still had the burden of proving Taylor-Seidenbach's fault in order to have the survival damage award reduced for Taylor-Seidenbach's virile share. We noted that Birla produced no evidence that Taylor-Seidenbach's asbestos-containing products were a substantial factor in causing Mr. Lege's mesothelioma. Thus, we reasoned that Birla had failed to meet its burden, and the trial court did not err in refusing to assign Taylor-Seidenbach a virile share of the damage award. We based our decision on the comparative fault principles, which provide that the virile share of the liability of a co-obligor is proportionate to the percentage of fault the trial court determined should be allocated to the obligor, based on the evidence presented at trial.

In its application for rehearing, Birla contends this decision was in error, as comparative fault is inapplicable to this case. Rather, because Mr. Lege's exposure to asbestos occurred in the late 1970's, prior to when comparative fault law came into effect in Louisiana in 1980, pre-comparative fault or virile share principles apply here. Birla cites the Louisiana Supreme Court's decision in *Cole v. Celotex Corp.*, 599 So.2d 1058 (La. 1992).

At the outset, we first note that Birla's arguments on its entitlement to have Taylor-Seidenbach's virile share counted, both before the trial court and this Court, centered not on the applicability of virile share principles, but on its arguments that

2

the trial court's judgment on Birla's declinatory exception of improper venue was *res judicata*. Birla's arguments regarding virile share principles were not raised until its application for rehearing.

"It is well settled that appellate courts will not consider issues raised for the first time, which are not pleaded in the court below and which the district court has not addressed." *Chaumont v. City of New Orleans*, 2020-0017, p. 4 (La. App. 4 Cir. 6/3/20), 302 So.3d 39, 45-46 (citing *Council of City of New Orleans v. Washington*, 2009-1067, pp. 3-4 (La. 5/29/09), 9 So.3d 854, 856). Additionally, appellate courts "generally do not grant rehearings to consider issues raised for the first time in the application for rehearing." *Rodrigue v. LeGros*, 563 So.2d 248, 257 (La. 1990) (citing *Rayner v. Rayner*, 216 La. 1099, 45 So.2d 637 (1950); *State ex rel. Murtagh v. Department of City Civil Serv.*, 215 La. 1007, 42 So.2d 65 (1949)).

Nevertheless, we also note that Birla is correct: pre-comparative fault law is applicable to Mr. Lege's survival action. *See Cole*, 599 So.2d at 1068 ("[W]e find that substantial injury producing exposures giving rise to plaintiffs' claims occurred before the August 1, 1980, effective date of [the law on comparative fault], and, therefore, affirm the Third Circuit's holding that the provisions of the Louisiana Comparative Fault Law are inapplicable and that this case is governed by pre-Act law—contributory negligence and virile share principles.").

Despite the applicability of pre-comparative fault law and virile share principles, our decision is the same. The trial court's judgment on Birla's exception

3

of improper venue was not a finding that Taylor-Seidenbach was at fault; rather it was a judgment that venue remained proper in Orleans Parish. The judgment did not relieve Birla of the burden of proving Taylor-Seidebach's fault. Thus, in order to claim a credit for the virile share of Taylor-Seidenbach, Birla had the burden of proving Taylor-Seidenbach's fault. *See, e.g., Williams v. Placid Oil Co.*, 2016-839, p. 12 (La. App. 3 Cir. 8/2/17), 224 So.3d 1101, 1108 (where the appellate court affirmed the trial court's ruling that virile share principles were applicable to the plaintiff's survival action, but that the non-settling defendant at trial was not entitled to a virile share offset or credit for the alleged liability of other parties where the non-settling defendant failed to provide any evidence of the other parties' fault); *Raley v. Carter*, 412 So.2d 1045, 1046 (La.1982) ("[T]he negligence of parties released from the suit remains an issue in the trial because the remaining tortfeasor is only entitled to a reduction of the award if the parties released are proven to be joint tortfeasors.").

Further, Birla pleaded to the trial court that it bore the burden of proving Taylor-Seidenbach's fault. Indeed, the record reflects that, in its own pre-trial motion *in limine* filed on September 10, 2019, after stating that virile share principles were applicable to this case, Birla admitted that it had a duty to establish the fault of the released and/or settled entities at trial in order to claim credits for the shares of the settling tortfeasors. As we noted in our original Opinion, Taylor-Seidenbach is hardly mentioned in the trial record at all. Birla failed to meet its burden to establish Taylor-Seidenbach's fault in order to claim a credit for its virile

share. Thus, we clarify our Opinion to state that virile shares principles apply here, but that Birla is not entitled to a credit for Taylor-Seidenbach's virile share.

### Survival Damage Award

Birla also contends that this Court's affirmation of the survival damage award to Mr. Lege ignores this Court's recent decision in *Bagwell*, arguing that the plaintiff in *Bagwell* had a longer period of suffering than Mr. Lege and yet Mr. Lege's award was higher than the plaintiff in *Bagwell*. Birla contends that *Bagwell* establishes that Mr. Lege's survival damage award is excessive.

In its arguments to this Court on appeal, Birla cited this Court's rehearing Opinion in *Bagwell* on rehearing in support of its arguments regarding the jury instructions, but Birla did not cite *Bagwell* for its arguments that the survival damage award to Mr. Lege is excessive. Nevertheless, we discuss the issue because the Louisiana Supreme Court's reinstatement of this Court's original Opinion in *Bagwell* was not decided until the parties' briefing and arguments herein had concluded.

In *Bagwell,* this Court found the trial court's $750,000 survival award to the plaintiff was an abuse of discretion as it was "so out of proportion to the injury that it shocks the conscience." *Antippas v. Nola Hotel Grp., LLC*, 2017-0798, p. 16 (La. App. 4 Cir. 2/27/19), 265 So.3d 1212, 1222-23 (quoting *Lee v. Lu*, 2005-899, p. 9 (La. App. 5 Cir. 4/11/06), 931 So.2d 365, 371). After reviewing prior awards from this Court for similar claims, this Court raised the plaintiff's damages to the lowest reasonable amount to $1,450,000.

Birla's arguments regarding the survival damage award here are misplaced. Birla seems to argue that *Bagwell* stands for the proposition that the ceiling of an award for the suffering of a plaintiff like the one in *Bagwell* is between $1,450,000 and $1,800,000. On the contrary, *Bagwell* clarified that an appellate court is bound to award the lowest reasonable amount (*i.e.* the floor) to the plaintiff when raising the award, and that, under the facts presented in *Bagwell*, the lowest reasonable award was $1,450,000.

As we did not find that Mr. Lege's survival action award was an abuse of discretion here, and we were not tasked with raising the award here as a result—which we did in *Bagwell*—we find *Bagwell* to be inapposite to the survival damage award here.

**APPLICATION FOR REHEARING GRANTED FOR CLARIFICATION; ORIGINAL OPINION AFFIRMED AS CLARIFIED**