No. 12,184.

ELEONORA SIEBERT, WIFE OF JOHN W. KLAPPER, VS. JOHN W KLAPPER, HER HUSBAND.

The issue is principally of fact.
The plaintiff complained of the violent treatment of the defendant toward her.
She alleged one of the causes of divorce set forth in Art. 138 of the Civil Code.
The proof sustains the averments.
There was no alternative save to affirm the judgment.

16

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*Henry P. Dart* and *Benjamin W. Kernan* for Plaintiff, Appellee.

*Ambrose Smith* and *O. W. Long* for Defendant, Appellant.

Argued and submitted December 17, 1896.
Opinion handed down January 4, 1897.
Rehearing refused February 1, 1897.

The opinion of the court was delivered by

BREAUX, J.   The plaintiff brought this suit against her husband for divorce.   In her petition she charged that she was ill treated, frequently struck and bruised by her husband.   She alleged further that recently she had discovered that for three years past he had frequented houses of ill fame, associating with lewd women and committing acts of adultery.

These charges were denied by the defendant.

The case was tried by a jury.   From the verdict and judgment of divorce the defendant appeals.

The epithets applied by the defendant to the plaintiff in the presence of third persons were offensive and the unfounded imputations were greatly injurious and in direct violation of the duty marriage imposes.

In addition, he, in a number of instances, without provocation, it appears of record, resorted to personal violence.   Blows were inflicted, leaving marks of their severity upon plaintiff's face, such as to bring on a condition of irreconcilable animosity.   The injuries, unprovoked, we gather from the testimony, were frequent and grave. The testimony reveals that they were not unknown to others, and in consequence doubly injurious.   The ill treatment proven was enough to render their living together insupportable.   It was, in our opinion, sufficiently grave to serve as the basis for a demand in separation from bed and board.

We can not, however we regret it, stop here and limit our decree to one of separation from bed and board.

Dissolving matrimonial ties is not under any circumstances a pleasant duty.

We can not ignore the charge of adultery sustained (indirectly at least), as it is, by a number of uncontradicted witnesses. It is urged on the part of the defendant that there is no direct proof of adultery. That may be true, and none the less presumption may establish the adultery charged.

It is urged further that the only evidence approximating to proof of adultery consists of statements, said by the witnesses · to have emanated from the defendant husband himself.

Returning to the first proposition as to direct proof.          *

It is well settled in principle; announced by the text writers, and by numerous decisions, that direct proof is not always necessary. A simple presumption may prove a fact, in cases such as that we now have under consideration, as well as in other cases.

From Baudry Lacantinerie, Vol. 1, p. 413, we translate and quote:

Adultery invoked as a cause of divorce may be proven by witnesses and even by simple presumptions.

Doctrine and jurisprudence are in accord upon a point which offers no difficulty.

Unquestionably the facts to give rise to a conclusive presumption must be pertinent and true.

We will not detail all the facts here. It would serve no useful purpose. We have passed them in review with care and attention.

We will state that it is in evidence that at late hours the defendant visited houses of ill fame in company of a number of others; they drank and made merry with the inmates; they, during the visit remained together, left together, parted, and it may be that all went to their respective homes.

But the utterances of the witnesses, as written in the transcript, were not of such a character as to inspire absolute confidence that such was the fact   There are other incidents giving·rise to one inference only; such as for instance, after the wife had been compelled to leave their home, because of the ill and violent treatment to which she was subjected, a young girl and her mother were received in the house. A witness testifies that she was " cooking there; she was a house girl and everything."

This young girl sent away her mother, expelled her from this

house and remained alone under circumstances not suggestive of absolute innocence in her relations with the defendant.

" Where, as in the present case, from the circumstances proved, no other inference can be drawn, but that there was an improper intimacy or illicit connection between the parties, the fact of adultery or concubinage must be considered as substantiated." Mehle vs. Lapeyrollerie, 16 An. 4.

But it is said that the statements of the defendant admitted as evidence should not be considered for the reason that Art. 2281, C. C., as amended by Act 58 of 1888, declares that such statements shall not be received in evidence in suits for divorce.

There was no confession by the defendant and his statements are not sufficient to sustain the charge set forth in the petition. As part of the case they merely corroborate the facts proved. The testimony to show that a fact was acknowledged is not admissible in evidence. Chance incidents, however, may be shown, or utterances of no great importance may be proven as a part of the *res gestæ* without giving ground to annul the verdict of a jury and judgment of the court. Mack vs. Handy, 39 An. 491, 499.

The judgment of the District Court is affirmed.