PONDER, Justice.
 

 This is an appeal from a judgment taken on confirmation of default.
 

 The plaintiff brought suit against her' husband for divorce, custody of their children and alimony. The plaintiff alleged that her husband has carried on an illicit love affair with one Mary Veca, wife of F. Fowler, for the past five years; that he is living in open adultery with Mary Fowler; that a child was born of this illicit relationship whose birth registration shows the father to be Frank Joseph Murray, who is no other than Francis A. Murray, the defendant; that her husband admitted to her the illicit relationship and that he was living in open adultery with Mary Fowler. She asked for judgment of divorce, custody of the children and alimony. The defendant failed to answer or oppose the suit and the plaintiff produced evidence to support her demands on confirmation of default. The lower court gave judgment granting -the plaintiff a divorce, custody of the children and ordered the defendant to pay thé plaintiff $30 a week alimony. The defendant has appealed.
 

 The defendant contends that the evidence is insufficient to support the judgment. He' takes the position that the evidence is not-sufficient to sustain a divorce on the ground of adultery.
 

 The plaintiff and her sister-in-law testified that they made an investigation in the' neighborhood where the defendant allegedly lived in open adultery with Mary Fowler and were told that Mr. and Mrs. Murray lived at 2514 Columbus Street, which is the address of Mary Fowler. They said that they had made inquiry at the corner bar and a grocery store concerning the defendant and had watched a car, which they claim was the defendant’s, parked in front of 2514 Columbus Street. They testified that they had never seen the defendant in that neighborhood. The plaintiff said that .the
 
 *687
 
 defendant admitted to her that he had been living in open adultery with Mary Fowler and that a child had been born from this illicit relationship. The record contains a birth certificate showing a child was born to Mr. and Mrs. F. J. Murray.
 

 There is no evidence in the record to support the plaintiff’s allegations that F. J. Murray and Francis A. Murray are one and the same person nor is there any positive proof that the defendant is the person residing with. Mary Fowler at 2514 Columbus Street.
 

 The admission of the defendant that he was living in open adultery with another woman is not sufficient evidence to authorize the granting of a divorce. The mere acknowledgment of the truth of the facts alleged to have been made by either of the parties even if it were in the form of an authentic act can never be deemed sufficient foundation for a decree of divorce. Harman v. McLeland, 16 La. 26. It is stated in the opinion of that case:
 

 “In such serious matters, the law requires more than the simple confession of one of the parties to dissolve forever the bonds of matrimony between them; facts must be shown, and such facts as will authorize a court of justice to declare that the interference • of the law is absolutely necessary. The judgment must be rendered ‘en grande connaisanee de cause’, as Pothier says; and the mere acknowledgment of the truth of the facts alleged,, made by either of the parties, even in an authentic act, can never be deemed sufficient to be the foúndation of a decree of separation of bed and board' and a fortiori of a divorce. Pothier,. Contrat de Marriage, Vol. 2, Nos. 517" and 518.”
 

 In the case of Mack v. Handy, 39 La. Ann. 491, 2 So. 181, 182, the court cited the-case of Harman v. McLeland, supra, and. stated that, ■
 

 “Courts may, without impropriety, entertain such proof, in corroboration of other proven facts, from which • adultery may be inferred; but not as-, substantive evidence. Such proof is. insufficient, of itself, to convict the defendant.”
 

 In the case of Siebert v. Klapper, 49 La. Ann. 241, 21 So. 259, 260, the court held' that there was no confession by the defendant and that his prior statements were not sufficient to sustain the charge set forth in: the petition and, “The testimony to show that a fact was acknowledged is not admissible in evidence.”
 

 All other evidence in the record’ is in the nature of hearsay and so indefinite,. if admissible, that it does not prove the-defendant was guilty of adultery. It'is well' settled that the proof of adultery must be-clear and conclusive to warrant the granting of a divorce. Salles v. Salles, 187 La. 914, 175 So. 618; Clark v. Clark, 207 La.
 
 *689
 
 606, 21 So.2d 758; Rayner v. Rayner, 216 La. 1099, 45 So.2d 637; Meyer v. Hackler, 219 La. 750, 54 So.2d 7; Clay v. Clay, 221 La. 254, 59 So.2d 180.
 

 Under the provisions of Article 312 ■of the Code of' Practice, judgment by default may be entered upon proof of the demand but the proof in cases of divorce on the ground of adultery must be precise as to time, place and the person involved.
 

 The proof presented by the plaintiff in this case is not sufficient to support a judgment of divorce based on the ground of .adultery.
 

 For the reasons assigned, the judgment is annulled and set aside and the suit is ■ dismissed as of nonsuit. Cost to be paid by •.the plaintiff-appellee.
 

 FOURNET, J., absent.