287 So.2d 815 (1974)
Clyde Devon SMITH
v.
Ann Jacobs SMITH.
No. 5945.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 1974.
James D. McGovern, Jr., New Orleans, for plaintiff-defendant in reconvention-appellant.
Dodd, Hirsch, Barker, Meunier, Boudreaux & Lamy, Harold J. Lamy, Robert J. Lacey, Jr., New Orleans, for defendant-plaintiff in reconvention-appellee.
Before REDMANN, STOULIG, JJ., and FLEMING, J., pro tem.
STOULIG, Judge.
Plaintiff, Clyde Devon Smith, filed suit against his wife, Ann Jacobs Smith, for a divorce based on their voluntarily living separate and apart for two years. (LSA-R.S. 9:301.) Defendant admitted the duration of the separation and reconvened for alimony, alleging she was free from fault. The wife's fault was placed at issue in the answer to the reconventional demand by the husband's allegations of cruelty based on her continued refusal to engage in sexual relations and her abandonment. The husband has appealed from a judgment granting him a divorce but finding the wife free from fault. The fixing of alimony was deferred to a later date.
It is the wife's position that after numerous provocations and on her husband's request, she left the matrimonial domicile on September 8, 1970. Plaintiff denies this, claiming his wife was at fault in refusing to have marital relations with him *816 since 1955 and in finally abandoning him on September 9, 1970.
In this case, the wife, seeking alimony under LSA-C.C. art. 160, has the burden of proving her freedom from fault. This means she must show she was not guilty of misconduct of such a serious nature that it would constitute a proximate or contributing cause for the separation. Adler v. Adler, 239 So.2d 494 (La.App.4th Cir. 1970).
Mrs. Smith bases her claim that she was justified in leaving the matrimonial domicile on her husband's actions for approximately six months predating her departure. In essence she testified he spent all his free time at the home of another woman; refused to share meals with her; would not permit her to ride in the family car; and the day before her leaving the domicile told her to find her own living quarters.
Obviously the trial judge in finding Mrs. Smith free of fault accepted these complaints as proven, otherwise he would have had to judge her guilty of abandonment. However, in resolving the issue of the wife's fault, apparently little, if any, consideration was given to the husband's remaining countercomplaint of his wife's persistent unwillingness to engage in the sexual act.
Although Mr. Smith testified that his wife had refused marital relations since 1955, other than one isolated occasion in 1962, the judge limited his consideration of fault to acts that had transpired between the litigants for the year prior to her departure. In this connection, Mrs. Smith admitted the cessation of marital relations for approximately five years prior to her leaving, claiming she refused to participate in sexual intercourse with her husband after he became involved with another woman. Apparently she is not referring to Mrs. Winter, the lady about whom she complained at length, because her husband's alleged involvement with Mrs. Winter was during the same year defendant left her husband.
Because Mrs. Smith carries the burden of proof, she must establish she was justified in terminating marital relations for a period of five years (which she admits) prior to the separation. We recently held that "persistent refusal of sexual union, in the absence of consent or physical sickness or grave fault on the part of the other spouse" constitutes cruel treatment. Phillpott v. Phillpott, 285 So.2d 570 (handed down November 16, 1973). As the record stands now, Mrs. Smith has not carried this burden.
During the course of the trial when the plaintiff attempted to testify concerning the lack of marital relations since 1955, the trial judge indicated that any testimony of incidents bearing upon the issue of the wife's fault occurring more than 12 months before separation of the parties was irrelevant and immaterial. Since the plea of condonation was not urged by either of the spouses, we are at a loss to understand this general limitation placed on the admissibility of evidence. We feel this ruling unduly restricted the litigants in the presentation of evidence on the issue of the wife's fault. For this reason we are of the opinion that this matter should be remanded to permit both parties to fully adduce all admissible evidence to determine whether Mrs. Smith was guilty of abandonment or if her rejection of sexual relations constitutes fault within the purview of the Phillpott case.
Accordingly, the judgment appealed from insofar as it adjudicates fault is annulled and this matter is remanded for further proceedings consistent with the views expressed herein. Assessment of costs is to await the final determination of this cause.
Annulled in part; remanded.