336 So.2d 254 (1976)
Susan Steers MORRIS
v.
Russell Lindsay MORRIS.
No. 10784.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
Rehearing Denied August 27, 1976.
*255 Charles S. McCowan, Jr., Baton Rouge, for appellant.
Gerard E. Kiefer, Michael A. Cavanaugh, Baton Rouge, for appellee.
Before LANDRY, COVINGTON and PONDER, JJ.
PONDER, Judge.
On March 11, 1975, Susan Steers Morris, plaintiff-appellee, filed suit (No. 32,331) for separation against Russell Lindsay Morris, defendant-appellant because of, among other things, alleged "adultery on many occasions, and particularly on February 22 and 23, 1975 and March 8, 1975 in Baton Rouge, Louisiana." After trial on June 11, 1975, the trial judge found mutual fault and denied the separation.
On June 20, 1975, Mrs. Morris filed suit (No. 33,267) for divorce and permanent alimony based on alleged adultery of defendant-appellant "on many occasions, and particularly on February 22 and 23, 1975 and March 8, 1975 and other dates to be adduced at trial." Defendant-appellant *256 filed exceptions of res judicata, lis pendens, prematurity and expressly pleaded the doctrine of judicial estoppel. Plaintiff-appellee, before knowledge of the filing of these exceptions, amended her petition to allege adultery on "February 22 and 23, 1975, February 25, 1975, March 4, 1975, March 8, 1975, March 11, 1975, March 25, 1975, April 8, 1975, April 15, 1975, April 22, 1975, May 6, 1975 and May 13, 1975 all of said acts of adultery occurring at the Oak Manor Motel, Baton Rouge, Louisiana...".
On July 1, 1975, plaintiff-appellee appealed the judgment in Suit Number 32,331 denying her a separation because of her purported mutual fault.
Defendant-appellant, on August 29, 1975, in answer to the divorce suit, denied any acts of adultery and specifically alleged that plaintiff-appellee locked defendant out of the matrimonial domicile on May 15, 1975; she humiliated defendant in public; she refused to communicate with defendant; she refused to prepare family meals; she was reckless with family funds; and, she "has failed and refused to live up to her obligations as a wife for a period of over eight years...".
The trial judge overruled all of defendant-appellant's exceptions and after trial on the merits signed judgment granting plaintiff-appellee a divorce "a vinculo matrimonii," custody of a minor child and $685.25 per month child support and alimony, subject to a $185.25 monthly credit for payments made by defendant-appellant on the mortgage on the family home. Mr. Morris has timely appealed and it is the latter case which is presently before us.[1] We affirm.
Defendant-appellant's specifications of error are as follows:
1. Not maintaining the exception of res judicata, or in the alternative, the plea of judicial estoppel, as the same matter was litigated in the separation suit with a "judgment of mutual fault" being rendered therein.
2. Not maintaining the exceptions of lis pendens, or, in the alternative, prematurity, as the same parties were involved in both suits.
3. Finding the evidence sufficient to prove adultery on the part of defendant-appellant and, in the alternative, not finding mutual fault.
4. Awarding plaintiff-appellee any alimony and child support, or, in the alternative, the sum of $685.25 per month.
5. The trial judge becoming an advocate for plaintiff-appellee and delving into matters not raised by the pleadings or the testimony theretofore presented.

SPECIFICATION NUMBER ONE
Specification number one is contrary to firmly established law. In order for a court to even consider the applicability of res judicata and judicial estoppel, the judgment raised must be final. Civil Code Article 2286; California v. Price, 234 La. 338, 99 So.2d 743 (1957). The judgment on the separation is not a final judgment; it is still subject to the appellate process.

SPECIFICATION NUMBER TWO
At the trial of the separation suit numerous registration cards from the Oak Manor Motel were introduced into evidence. The registration dates of these cards are identical to some of the dates alleged in the divorce petition. Defendant-appellant argues that the pleadings in the separation suit were expanded to cover the adultery allegations in the instant suit; that the proceedings in the separation suit were still pending at the time the divorce suit was filed; that the two suits were between parties in the same capacities; that the two suits, "had the same objectthe *257 dissolution of the marriage;" and that, therefore according to Article 925(3) of the Code of Civil Procedure, lis pendens was a proper exception. We disagree with defendant-appellant's conclusions. The causes of action and things demanded are not the same. The first suit is for a separation demanding as its object the negating of the obligation to live together and the dissolution of the community of acquets and gains. The second suit is for a divorce demanding as its object the dissolution of the bonds of matrimony. Adultery is merely a ground for either cause of action. Granted that the grounds are the same in the two suits, however, the objects and causes of action are different. Therefore, lis pendens was not proper.[2]

SPECIFICATION NUMBER THREE
Defendant-appellant asserts that although adultery can be proven by circumstantial evidence, such evidence must fairly and necessarily lead to the conclusion that adultery has been committed, Morris v. Morris, 152 So.2d 291 (La.App. 1st Cir. 1963); and Arbour v. Murray, 222 La. 684, 63 So.2d 425 (1953). Defendant-appellant further argues that the circumstantial evidence introduced herein was insufficient to prove adultery.
Motel registration cards were introduced into evidence showing that defendant-appellant stayed at the Oak Manor Motel thirty-one nights. Mr. Morris admitted that he loved the named corespondent and that she was with him at the motel approximately 75% of the time, often leaving at between 3-5 a. m. He also admitted some "mild petting" with the named corespondent whom he had known for the last two years. Love letters were also introduced containing sexual insinuations. And yet, even though it was established that defendant-appellant and plaintiff-appellee had engaged in no sexual relations whatsoever for the previous eight years, defendant-appellant denied any sexual intercourse with the named corespondent.
We do not agree with defendant-appellant's contention and find, as did the trial judge in written reasons that "the defendant continued a course of adulterous conduct after the filing of the separation proceeding, [and] that acts of adultery were committed upon the dates alleged... The circumstantial evidence is clear and convincing and allows for no other reasonable conclusion."
Alternatively, defendant-appellant contends that plaintiff-appellee was mutually at fault, and therefore not entitled to a divorce. Specifically, defendant-appellant argues that his wife never offered herself to him since 1969; she frequently criticized him in public with regard to his financial ability; she forced him to leave Oklahoma and move to Mississippi; and, on May 15, 1975, she locked him out of the house.
As to this contention we believe that the written reasons of the lower court are appropriate and adopt them as our own. "Since the court in Suit No. 32,331 found that there was mutual fault, and denied either party relief, the marital relationship continued to the same extent as if there had been a reconciliation. The parties, therefore, owed to each other mutually (sic), fidelity, support and assistance. LSA-C.C. Art. 119. The husband in this case violated this obligation of fidelity, and his serious fault in this respect is the cause of the divorce."

SPECIFICATION NUMBER FOUR
Defendant-appellant argues that plaintiff-appellee is entitled to alimony only if *258 she is free of fault and that the wife bears the burden of proof to show with reasonable certainty that she was free from fault, citing Kratzberg v. Kratzberg, 286 So.2d 174 (La.App. 4th Cir. 1973); Smith v. Smith, 287 So.2d 815. (La.App. 4th Cir. 1974). Defendant-appellant further argues that the degree of fault on the part of the wife is not necessarily the same as the degree necessary to find "mutual fault" so as to bar a divorce.
The trial judge viewed the witnesses and evaluated their credibility. Especially in domestic relations cases, his determinations of fact are entitled to great weight on appeal and will not be disturbed unless manifest error is shown. The question of the wife's fault when alimony is at issue is a factual one. Morgan v. Morgan, 260 So.2d 336 (La.App. 4th Cir. 1972). We cannot say that the trial judge erred in finding plaintiff-appellee free from fault. Again, the parties owed each other mutuality, fidelity, support and assistance even after the initial attempt by plaintiff-appellant to obtain a separation. However, it is obvious that defendant-appellant persisted in adulterous conduct even after the filing of the separation proceeding, thereby breaching his obligation of fidelity. Under these circumstances we agree with the trial judge that defendant-appellant's "serious fault... is the cause of the divorce. The wife, therefore, had the right to claim permanent alimony under LSA-C.C. Art. 160."
Defendant-appellant argues alternatively that the award of $685.25 per month is grossly excessive and should be reduced. Defendant-appellant grosses slightly over $20,000 per year in salary and also has substantial income from stock dividends and rental property. He testified that he needed $749.45 per month for his own upkeep, even though he was reimbursed for his travel expenses. We find no abuse of the wide discretion accorded the trial judge in this matter. We simply cannot see how defendant-appellant expects plaintiff-appellee and their minor child to live on $685.25 when he alone requires $749.45 per month.

SPECIFICATION NUMBER FIVE
Lastly, defendant-appellant argues that the trial judge became an advocate for plaintiff-appellee and that a mistrial should have been granted when timely moved for. The alleged objectionable action by the trial judge consists of questions asked defendant-appellant with regard to his possible relationship with other women in addition to the one named as corespondent in plaintiff-appellee's petition. Testimony was elicited whereby defendant-appellant admitted dating two or three other women.
Contrary to defendant-appellant's contentions, we do not find the action of the trial judge to be prejudicial. The evidence as to other women was far from conclusive. There is no evidence whatsoever that the trial judge even considered the testimony in this regard in rendering his decision; the trial judge's written reasons do not mention this part of the testimony. Therefore, we find that even if the trial judge overstepped the bounds of his judicial duties, on which we make no determination, the alleged objectionable testimony was harmless and not so prejudicial as to warrant reversal.
Accordingly, for the above and foregoing reasons we affirm; defendant-appellant to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] This earlier suit for separation on appeal has not yet been decided by this court.
[2] Defendant-appellants prematurity exception is actually a restatement of the lis pendens argument and likewise is untenable. In any event, by combining the dilatory exception of prematurity with the peremptory exception of res judicata, defendant-appellant waived the exception of prematurity. C.C.P. Art. 7.