PONDER, Judge:
John Deliberto, plaintiff-appellee, filed suit on October 9, 1974, against Katherine Derman Deliberto, defendant-appellant, seeking a divorce on the grounds of living separate and apart for more than two years and custody of the minor child born of the marriage. Defendant-appellant reconvened seeking custody and a separation from bed and board based on the plaintiff-appellee’s alleged cruelty, abandonment and non-support together with $250.00 per month alimony pendente lite and $250.00 child support. After trial, the lower court signed judgment granting plaintiff-appellee a divorce and defendant-appellant custody of the minor child with plaintiff-appellee to pay $100.00 per month child support.
Plaintiff-appellee was also ordered to pay $400.00 per month alimony pendente lite and child support for the period from February 21, 1975 to April 11, 1975, the date judgment herein was rendered. However, the lower court denied defendant-appellant permanent alimony because the court found “that the party seeking that award is not without fault in this matter.” Defendant-appellant has timely appealed. We affirm.
Defendant-appellant’s specifications of error are essentially as follows:
1. The trial court erred in finding the parties had lived apart for two years;
2. The trial court erred in failing to grant defendant-appellant a separation from bed and board on the grounds of cruelty, abandonment without cause and nonsupport;
3. The trial court erred in finding the wife was “not without fault;”
4. The trial court erred in not allowing tapes of conversations that show cruelty of plaintiff and his family against defendant-appellant.
SPECIFICATION NUMBER ONE
Plaintiff-appellee testified that he had not lived with his wife since October 1970. Several witnesses who kept in close contact with the parties corroborated this fact. In fact, the consensus was that it was common knowledge in the community that the Delibertos had not lived together for several years. Defendant-appellant also testified that she had not lived with her husband since October 1970; however, it was her contention that her husband had “spent the night” on numerous occasions and actually moved back in with her on one occasion. The only witness to testify that plaintiff and defendant had lived together on any basis within two years of the filing of this suit was the ten year old child of the marriage. There was some evidence intro *1223 duced that his testimony was distorted under threat of defendant-appellant.
Obviously, the trial judge believed the several witnesses who testified that the De-libertos had not lived together for four to five years instead of the testimony of defendant-appellant and the minor child. The trial court viewed the demeanor of the witnesses and was in much better position thán this court to evaluate credibility. His determination as to how much weight is to be given the testimony of individual witnesses must be given great weight, and will not be overturned in the absence of manifest error. There is evidence in the record which upon reasonable evaluation supports the conclusion that the Delibertos had not lived together or slept together for almost four years prior to filing this suit. Therefore, this specification is without merit.
SPECIFICATION NUMBER TWO
We cannot find any evidence in the record that plaintiff-appellee was guilty of non-support, cruelty or abandonment without cause. There is ample evidence that plaintiff-appellee furnished defendant-appellant with food, shelter, and money. There is also evidence that defendant-appellant would very seldom, if ever, cook the food she was given and that she spent money she was given playing bingo.[1]
Although it appears that plaintiff-appellee failed to pay two months rent, he did this at a time he thought he was divorced.[2] Thus, we find no evidence of non-support.
Likewise, there is no evidence whatsoever of any cruelty on the part of plaintiff-appellee. The only evidence even approximating cruelty was an incident in which plaintiff-appellee accidentally slammed a car door on defendant-appellant’s leg as she was exiting an automobile. Certainly, this was not cruelty.
Finally, as to this specification, although it was plaintiff-appellee who left the matrimonial domicile, the evidence was overwhelming that he had just and sufficient cause. His wife never cooked for him and kept the house in a deplorable state with rubbish and dirt everywhere. Defendant-appellant “tormented” him and caused many arguments until finally he “just couldn’t stand it anymore.” Under these circumstances, we cannot say that plaintiff-appellee left the matrimonial domicile without cause.
SPECIFICATION NUMBER THREE
Defendant-appellant argues that the trial judge erroneously placed the burden of showing freedom from fault on her and that she had in fact borne the burden. Our jurisprudence is clear that the wife has burden of proving with reasonable certainty freedom from fault to be entitled to alimony. LSA-C.C. Art. 160; Carter v. Carter, 316 So.2d 829 (La.App.1st Cir.1975); Smith v. Smith, 287 So.2d 815 (La.App.4th Cir. 1974). The question of a wife’s fault is a factual one. Morgan v. Morgan, 260 So.2d 336 (La.App.4th Cir.1972). As stated in our discussion of specification two, the actions of the wife were a cause in the separation. Therefore, she is not entitled to alimony.[3]
SPECIFICATION NUMBER FOUR
This specification is totally without merit. There were several hints throughout the trial of this matter that defendant-appellant possessed tapes establishing bad faith and ill will on the part of plaintiff-ap-pellee and some of his witnesses. However, the record is void of any attempted intro *1224 duction of the alleged tapes. Therefore, this matter is not before us.
Although, defendant-appellant does not formally specify as error the alleged insufficiency of the $100 per month child support award, this contention is raised in brief. The record establishes that defendant-appellant and her son needed $65-$75 per month for rent and $100 per month for food. Very little evidence was introduced as to other expenses and certainly almost no evidence was adduced establishing the husband’s ability to pay. Under these circumstances, we cannot say that the trial court abused the wide discretion he is accorded in such matters.
Accordingly, for the above reasons the judgment of the lower court is affirmed, defendant-appellant to pay costs.
AFFIRMED.

. Plaintiff-appellee testified that although he gave his wife money for tuition for the minor child, the school never received payment. A representative of the school testified that they were never paid.

. A default judgment was procured in this matter without knowledge of an answer that had been previously filed.

.Defendant-appellant argues that her husband, in any event, was also at fault and therefore she is entitled to alimony. Even if her husband were at fault, our jurisprudence is to the contrary. Kratzberg v. Kratzberg, 286 So.2d 174 (La.App.4th Cir. 1973).