LEAR, Judge.
Appellant, Stanley Joseph Rouprich, appeals from an adverse judgment wherein the lower court granted alimony in favor of his plaintiff wife after she obtained a judg *370 ment of divorce based on two year separation.
Appellant and his wife, Elise Brown Catchings Rouprich, were married in San Juan, Puerto Rico, in 1951. They moved to East Baton Rouge Parish in 1952. They are the parents of three children, all adults.
The parties purchased a home and established the same as their matrimonial domicile at 4348 West Lakeshore Drive in Baton Rouge, Louisiana. There they resided as husband and wife until on or about December 25, 1965, when Mr. Rouprich moved out and did not return. Mrs. Rouprich stayed in the family home, apparently with the aid and assistance of appellant, who for nearly seven years thereafter sent his entire pay-cheek to her on a monthly basis.
In 1978, Mrs. Rouprich filed for divorce based upon living separate and apart for more than two years. Appellant answered and reconvened, seeking a divorce in his favor based upon two years’ separation. Mrs. Rouprich then amended her petition, claiming the right of alimony:
“9.
“Petitioner has not been at fault, and has not sufficient means for her support. Petitioner is therefore entitled to, and asks that this Court allow her, permanent alimony from defendant in the amount of $500.00 per month.”
After trial, the lower court granted a divorce in favor of Mrs. Rouprich and further condemned Mr. Rouprich to pay alimony in the following terms:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that as alimony for Elise Brown Catchings Rouprich, Stanley Joseph Rouprich is hereby ordered to allow Elise Brown Catchings Rouprich use of the community asset home, until the community is partitioned, after which either party may request a modification.”
The critical question posed on review is that of whether the plaintiff-appellee carried her burden of proving that she is free from fault as required by article 160 of the Civil Code.[1]
At the trial below, not a scintilla of evidence was adduced to prove that the wife was free from fault or that defendant-appellant left his wife without cause.
Appellee’s theory was apparently based on her allegation in the original petition for divorce that appellant had abandoned her.[2] However, once the defendant has answered and denied said allegation, as here, the plaintiff bears the burden of proving the same by a preponderance of evidence. Deliberto v. Deliberto, 337 So.2d 1221 (La.App. 1st Cir., 1976).
We have reviewed the record and find no basis upon which to uphold the lower court’s ruling under the test of Ar-ceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
For the foregoing reasons, the ruling of the lower court awarding alimony herein is reversed and plaintiff-appellee’s petition in that regard is dismissed. Appellee is to pay all costs of this appeal.
REVERSED AND RENDERED.

. “Art. 160. Alimony after divorce
“Art. 160. When a spouse has not been at fault and has not sufficient means for support, the court may allow the spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. * *

. “4.
“On December 25, 1965, defendant abandoned the matrimonial domicile and left petitioner; and he has since constantly and consistently refused to return."