491 So.2d 700 (1986)
Diana Caronia, wife of Danny G. MENGE
v.
Danny G. MENGE.
No. 86-CA-108.
Court of Appeal of Louisiana, Fifth Circuit.
June 2, 1986.
*701 Bernard M. Plaia, Jr., Metairie, for defendant-appellant.
H. Craig Cabral and Harry R. Cabral, Jr., Metairie, for plaintiff-appellee.
Before CHEHARDY, BOWES and GAUDIN, JJ.
BOWES, Judge.
Defendant has appealed a judgment of the district court granting a judgment of divorce in favor of appellee. On appeal, Mrs. Menge, appellant, urges that the trial court committed error in finding that there was sufficient evidence presented to find her guilty of adulterous conduct, and, also, in failing to award her a separation a mensa et thoro.
Danny Menge filed a petition for divorce on March 13, 1985, alleging that Mrs. Menge was guilty of adultery and requesting custody of the couple's minor daughter. Mrs. Menge filed an answer and reconventional demand, alleging that she was entitled to a separation based on cruel treatment and abandonment. Trial was held on June 28, 1983, after which the court granted Mr. Menge a divorce, found Mrs. Menge guilty of adultery and at fault, and granting custody of the child to Mr. Menge. A number of matters concerning, among other things, community property and visitation were included in the judgment but were not challenged on appeal.
At trial, Mrs. Menge denied having ever engaged in sexual intercourse with a certain named individual. She testified that she and the other man got undressed and into bed together, and engaged in certain enumerated "sexual activities", which did not include sexual intercourse.
Charles Many, a private detective engaged by Mr. Menge, testified that he observed the defendant and other man together on four occasions: once they drove to LaPlace and back, at which time they were kissing and embracing. On the other occasions, the detective stated that the man and Mrs. Menge were inside her apartment for various unspecified periods of time, with the lights out. Insofar as we can determine, Mrs. Menge's 15-month old daughter was also in the apartment on those occasions.
Patrick Walsh, another detective, testified that, in one instance, he observed the man drive to Mrs. Menge's apartment and briefly enter; then he drove to a nearby parking lot where he left his car and walked back to the apartment. The lights inside went off for somewhat less than an hour, whereupon Mrs. Menge drove the man back to his car. Other observations by the detective were of the two outside in the automobile on two other occasions. The only other witness was Mrs. Menge's sister, whose testimony was equivocal at best.
On appeal, Mrs. Menge seeks to distinguish between the acts to which she admitted and "sexual intercourse", averring that her actions did not constitute adultery. We disagree.
In Simon v. Duet, 177 La. 337, 148 So. 250 (1933), the Supreme Court approached a "definition" of adultery when it stated:
It must be alleged that the offending party was guilty of adultery, or was guilty of having sexual connection or intercourse, which mean the same thing.
Black's Law Dictionary, 5th Edition (1979) defines adultery as "voluntary sexual *702 intercourse of a married person with a person other than the offender's husband or wife."
Webster's New Collegiate Dictionary, A. & C. Merriam Co., Copyright 1981, defines sexual intercourse as: "(1) heterosexual intercourse involving penetration of the vagina by the penis: coitus; (2) intercourse involving genital contact between individuals other than penetration of the vagina by the penis."
Mrs. Menge, then, seeks to limit the definition of adultery to coitus. We do not interpret the applicable law so narrowly. Louisiana law and jurisprudence does not define adultery per se, the closest definition of which we are aware being the aforementioned Simon case. However, our law recognizes another species of adultery, which is homosexual adultery, see Adams v. Adams, 357 So.2d 881 (La.App. 1st Cir. 1978) and Alphonso v. Alphonso, 422 So.2d 210 (La.App. 4th Cir.1982). Homosexual adultery, by its very definition, does not include coitus. We find that the acts to which Mrs. Menge admitted, specifically the commission of "oral sex", constitutes adultery within the meaning of Civil Code Article 139.
Further, we find that a conclusion on the part of the trial court that Mrs. Menge and her partner did not limit themselves merely to oral sex is justified. To quote the Fourth Circuit in Everett v. Everett, 345 So.2d 586 (La.App. 4th Cir.1977), "Courts are a bit more sophisticated today and infer that people do what comes naturally when they have the opportunity." The testimony of Mrs. Menge and the private detectives (who, defendant admitted, "told the truth") prove that opportunity knocked more than once. The burden of proof required in adultery cases is the requirement of evidence so convincing that it excludes all other reasonable hypotheses than that of guilt of adultery. Helms v. Helms, 349 So.2d 441 (La.App. 3rd Cir. 1977). It would be fatuous of this court to believe that human passion, kindled in so frank a manner as Mrs. Menge confessed, would not be ultimately consummated.
We recognize that the testimony of private detectives must be carefully considered and accepted with extreme caution and that an admission of adultery, without other evidence, is generally insufficient proof upon which to dissolve a marriage, Heard v. Heard, 424 So.2d 1177 (La.App. 1st Cir.1982). However, we find that the direct admissions of Mrs. Menge give probative and corroborative value to the statements of the detectives, and vice versa.
We therefore conclude that the trial judge was correct, and certainly committed no manifest error, in his finding that Mrs. Menge was guilty of adultery.
The second assignment of error concerns Mrs. Menge's reconventional demand for separation based on cruel treatment and abandonment. In this regard, the trial court appears to have given greater weight to the testimony of Mr. Menge and the detectives, than that of his wife or her witness. Mr. Menge denied any physical cruelty toward Mrs. Menge following a period of reconciliation, although he admitted to striking her in "self-defense", prior to their final reconciliation. While Mrs. Menge did not testify as to any physical cruelty against her, her sister Cynthia Caster stated that she saw plaintiff strike the defendant. Since defendant herself did not testify to this effect, we find such testimony of little probative value.
Mrs. Menge insisted that her sexual connection with the corespondent took place after Mr. Menge left the marital domicile; therefore she urges plaintiff had no legal cause to "abandon" her. The evidence of the detectives, however, shows that the amorous meetings occurred prior to Mr. Menge's final departure, and therefore constituted lawful cause for leaving the matrimonial domicile.
The trial court should have dismissed Mrs. Menge's reconventional demand. We find no evidence to support this demand and, in an effort to make a final disposition of this case, we hereby dismiss the petition in reconvention.
Accordingly, for the foregoing reasons, the judgment appealed from is amended to state that Mrs. Menge's reconventional demand *703 for separation is dismissed. In all other respects, the judgment is affirmed.
AMENDED AND AFFIRMED.