505 So.2d 143 (1987)
Rocco Frank BONURA, Jr.
v.
Loretta Alfonso BONURA
No. CA-6468.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1987.
Writ Denied May 15, 1987.
Bernard J. Rice, III, Gretna, for appellant.
Floyd J. Reed, J.D., Reed & Reed, New Orleans, for appellee.
Before SCHOTT, KLEES and LOBRANO, JJ.
*144 LOBRANO, Judge.
Loretta Alfonso Bonura, defendant, appeals the judgment of the lower court which granted a judgment of divorce in favor of her husband Rocco Frank Bonura, Jr. on the grounds of adultery.
She raises three issues for our consideration. First, she asserts error in the lower court's interpretation of the legal definition of adultery; second, she contends that the trial judge improperly considered her own admissions in reaching a decision; and third, the trial court erred in failing to grant a continuance where defendant's witness failed to appear.
The record shows the following facts.
Plaintiff and defendant were married on June 30, 1984. Sometime in the early part of 1986, defendant reestablished contact and communication with her former husband, Mr. Don Dakin (Dakin). Defendant admitted that she thereafter saw Dakin frequently, and stayed at his home overnight on occasions. She also admitted to a weekend trip to Mobile with Dakin where they shared a room at the Hilton Hotel.
In February of 1986, defendant told her husband that she was falling in love with her former husband. Plaintiff claims his wife admitted to having sexual intercourse with Dakin on numerous occasions.
Plaintiff left the matrimonial domicile on March 21, 1986 and shortly thereafter filed the present suit seeking a divorce on the grounds of adultery.
At trial, defendant admitted to staying overnight with Dakin, including the weekend trip to Mobile. However, she denies having sexual intercourse with him, and denies she committed adultery. She did testify that on the occasions they stayed together they shared the same bed. She reluctantly admitted that they touched each other's sexual organs, that they laid on top of one another and that Dakin's sex organs may have come close to or touched her's. However, she vehemently denies any actual intercourse.
Mr. Preston Davis, called by plaintiff, testified that he saw defendant and another man (not plaintiff) embracing and kissing each other in the street in front of his house after a Mardi Gras parade.
Plaintiff introduced into evidence photographs of defendant and Dakin together in Mobile, kissing and hugging. Defendant's explanation of these was that she wanted to return, with her first husband, to visit the place where they were married. The photographs were supposedly re-creations of their original wedding pictures. The purpose of the trip was to assist Dakin, who was ill, to revisit the place where their marriage took place.

ADULTERY
Defendant argues that her actions do not constitute adultery as contemplated by Louisiana law. Specifically, she seeks to define adultery as the act of sexual intercourse, citing Simon v. Duet, 177 La. 337, 148 So. 250 (1933). As our brethren on the Fifth Circuit did in Menge v. Menge, 491 So.2d 700 (La.App. 5th Cir.1986), we do not interpret the law so narrowly. In Menge, supra, the Court held that oral sex fell within the legal definition of adultery. In refusing to follow the literal language of Simon v. Duet, supra, the Menge court stated:
"Louisiana law and jurisprudence does not define adultery per se, the closest definition of which we are aware being the aforementioned Simon case. However, our law recognizes another species of adultery, which is homosexual adultery, see Adams v. Adams, 357 So.2d 881 (La.App. 1st Cir.1978) and Alphonso v. Alphonso, 422 So.2d 210 (La.App. 4th Cir.1982). Homosexual adultery, by its very definition, does not include coitus." Menge, supra at 702.
We conclude that adultery, as grounds for divorce under Article 139 of the Civil Code, is not limited to actual sexual intercourse.
SUFFICIENCY OF PROOF
Defendant further argues that no matter what the legal definition of adultery, her own admissions should not be considered in determining if she is guilty of adultery. In support thereof, defendant cites Bynum v. *145 Bynum, 296 So.2d 382 (La.App. 2nd Cir. 1974); Ogea v. Ogea, 378 So.2d 984 (La. App. 3rd Cir.1979); and Arbour v. Murray, 222 La. 684, 63 So.2d 425 (1953).
Bynum, supra involved the weight and sufficiency of evidence required in an adultery case where the principal evidence was the testimony of private investigators. Although that case reiterates the well settled rule that proof of adultery should be clearly and conclusively shown, it does not mention consideration of the adverse spouse's admissions.
Ogea, supra dealt with several issues, including a finding of fault on the wife's part to preclude alimony. The language contained in that case actually supports the conclusion we reach herein. The Court stated:
"An admission of adultery, without other evidence, is insufficient proof upon which to dissolve the bonds of matrimony. (citations omitted) This evidence, standing alone, is deemed untrustworthy because of the possibility that spouses may prove adultery by confessions, thereby being granted an immediate divorce." Ogea, supra at 992. (emphasis added)
The exact situation occurred in Arbour, supra, that the above quoted language was designed to prevent. The only evidence supporting a judgment of divorce in that case was the admission of adultery by the defendant spouse. The Supreme Court reversed that judgment because there was no other competent evidence in the record. That is not the situation in the instant case.
We are convinced that the intended purpose of the rule of law concerning a defendant's admission, with no other supporting evidence, is to prevent the parties from colluding to establish a false case of adultery in order to obtain an immediate divorce. In addition, the law protects a party from the stigma of adultery without clear and convincing evidence.
We are of the opinion that it was proper for the trial court to consider the testimony of defendant where her testimony is corroborative of the other evidence submitted by plaintiff. We do not disagree with the rule of law which places a heavy burden on a party attempting to prove his spouse's infidelity, nor do we disagree with the principle that adultery cannot be proved by a simple admission of the guilty spouse. However, where the defendant spouse, although vehemently denying adultery, admits to acts which corroborate evidence submitted by the plaintiff spouse, her testimony can be considered as part of the totality of the evidence.
We therefore conclude that there is no clear error in the trial court's finding that defendant did, at least, sleep in the same bed with another man, that she touched the other man's sexual organ, and that he touched hers, and that they laid on top each other. We further conclude that these repeated acts of marital infidelity constitute adultery within the meaning of Civil Code Article 139. Although it would be impossible to suggest an exact rule of law defining adultery, we hold that the repeated sexual contact between defendant and her paramour in this case is sufficient to satisfy the intent of the legislature. We limit our holding to the facts of this case, and suggest that future cases of this type must be decided on their individual facts and circumstances.

CONTINUANCE
Defendant sought a continuance in order to obtain the testimony of Dr. Schilesci. She argues in brief that Dr. Schillesci would have testified that Dakin was sexually impotent and incapable of having sexual intercourse. Since we have ruled that actual intercourse is not a necessary prerequisite to a finding of adultery, Dr. Schilesci's testimony of sexual impotency would not have affected our holding. We therefore find no prejudicial error in his not testifying.
AFFIRMED.