WILLIAMS, J.
|,The plaintiff, Ashlee Tidwell (“Ashlee”), appeals a judgment granting the defendant a divorce. The trial court found *1047 that the defendant had proved by a preponderance of evidence that the plaintiff committed adultery. For the following reasons, we affirm.
FACTS
Ashlee and Todd Tidwell (“Todd”) were married in October 1995, in Ouachita Parish, Louisiana. The parties have two children, who were 17 and 12 years old at the time of trial. In December 2012, Ashlee and Todd met Glenn Northcott (“Glenn”) at a party and they began visiting often with Glenn at his houseboat on the Ouachi-ta River. Ashlee began sending an increasing number of text messages to Glenn. In February 2013, Ashlee remained at Glenn’s houseboat after the other guests left and did not return home until early in the morning. On March 8, 2013, while Todd was at home, Ashlee went out for the evening with Glenn and another couple, Kathy and Karl Porter. Ashlee and Glenn spent the night at the Porters’ home.
On April 16, 2013, Ashlee filed for divorce under LSA-C.C. art. 102 seeking custody, child support, spousal support, and partition of community property. Todd filed an answer and reconventional demand under LSA-C.C. art. 103(2), alleging that Ashlee had committed adultery and was at fault in the breakdown of the marriage. After a hearing officer conference was held, a consent judgment was entered in February 2014, by which the parties resolved the issues of child support, custody and interim periodic spousal support.
|2At the divorce hearing, Ashlee did not appear and her deposition was introduced into evidence. Todd and two private investigators testified about the number of meetings between Ashlee and Glenn at her residence and his houseboat. After hearing the testimony, the trial court issued oral reasons finding that based upon the totality of the circumstances, Todd had proved by a preponderance of evidence that Ashlee had committed adultery. The court rendered judgment in favor of Todd Tidwell, granting a divorce based upon adultery. Ashlee Tidwell appeals the judgment.
DISCUSSION
Ashlee contends the trial court erred in applying the preponderance of evidence burden of proving adultery. Ashlee argues that this court should conduct a de novo review of the record because the trial court committed legal error in applying the incorrect burden of proof.
A divorce shall be granted on the petition of a spouse upon proof that the other spouse has committed adultery. LSA-C.C. art. 103(2). Generally, a petitioner has the burden of proving his claims by a preponderance of the evidence. Bynum v. Bynum, 296 So.2d 382 (La.App. 2d Cir.1974). A spouse may establish the other spouse’s adultery by indirect or circumstantial evidence as well as by direct evidence. If circumstantial evidence alone is relied upon, then the proof must be so convincing as to exclude any other reasonable hypothesis but that of guilt of adultery. Hayes v. Hayes, 225 La. 374, 73 So.2d 179 (1954); Bynum, supra. The facts and circumstances must lead fairly and necessarily to the conclusion that adultery has been committed as alleged in the petition. Marcotte v. Marcotte, 04-293 (La.App. 3rd Cir.11/10/04), 886 So.2d 671.
In the present case, Ashlee’s deposition was admitted into evidence. During her testimony, she admitted to having sex with Northcott a number of times after the date that her petition for divorce was filed. Thus, the situation of this case is not like that of Hayes and Marcotte, in which the *1048 complaining spouse relied solely on circumstantial evidence to prove adultery. Consequently, we cannot say the trial court erred in requiring that Todd prove Ashlee’s adultery by a preponderance of the evidence. This assignment of error lacks merit.
Ashlee contends the trial court was clearly wrong in finding sufficient evidence to prove that she committed adultery. She argues that Todd did not prove adultery because the private, investigators’ testimony failed to corroborate her admission of a sexual relationship with Northcott.
On appeal, a trial court’s factual determination regarding the commission of adultery is subject to the manifest error standard of review. Stobart v. State, DOTD, 617 So.2d 880 (La.1993); Poole v. Poole, 08-1325 (La.App. 3rd Cir.4/1/09), 7 So.3d 806. The issue to be resolved by the reviewing court is whether the factfinder’s conclusion was reasonable based on the record as a whole. Poole, supra.
An admission of adultery, without other evidence, is generally insufficient proof upon which to dissolve a marriage. Bonura v. Bonura, 505 So.2d 143 (La.App. 4th Cir.1987); Menge v. Menge, 491 So.2d 700 (La.App. 5th Cir.1986). Absent other evidence, the fact that a man and a woman are alone together does not necessarily justify presuming that the Rencounter is for romantic or sexual reasons. Wynn v. Wynn, 513 So.2d 489 (La.App. 2d Cir.1987). A trial court’s credibility evaluation in an adultery case is entitled to substantial weight on review. Lachney v. Lachney, 579 So.2d 1097 (La.App. 2d Cir.1991); Wynn, supra.
In the present case, Jan Marino testified that she was an investigator hired to conduct surveillance of Ashlee for one week in May 2013. Marino stated that on May 10, 2013, at 9:30 a.m. she saw North-cott’s vehicle parked at Ashlee’s residence. Marino testified that they left the home together at 12:45 p.m. in Ashlee’s vehicle and drove to the Highland Yacht Club, where Northcott’s boat was located. Mari-no stated that she saw Ashlee’s vehicle parked near the boat at 1:45 p.m. Marino testified that she checked the lot each subsequent hour during the day and Ashlee’s vehicle remained in the same parking space until she ended her surveillance at midnight.
Another investigator, Donna Caldwell, testified that she took over for Marino at 12:15 a.m. and saw Ashlee’s vehicle in the parking lot. Caldwell.stated that at 1:30 a.m., she observed Northcott standing beside the vehicle talking with Ashlee, who was in the driver’s seat.
During her deposition, Ashlee was asked about an occasion on April 20, 2013, when she was seen at the boat late at night. She denied having sex with Northcott that night and stated she did not know the date when their sexual relationship began. The deposition continued:
Q: Was it in May?
A: Or June.
Q: Or June. How many times did you have sex with him?
A: Maybe five or six times.
Q: And that occurred where?
A: The boat, and then maybe once at his house.
|fiThe record shows that Ashlee admitted to having sex with Northcott during the marriage and that their sexual relationship could have begun in May 2013. The testimony of the investigators indicated that Ashlee was alone with Northcott in the boat for many hours on May 10, 2013. She acknowledged being on the boat with him that day. Although by itself, evidence that a man and a woman are alone does not necessarily mean that the meeting is *1049 for sexual reasons, here Ashlee admitted to having sex with Northcott on his boat, but she did not specify the date. The authority cited by Ashlee in her brief does not support her assertion that the circumstantial evidence can corroborate her admission of adultery only if she specifically admitted to having sex on the same date she was observed going to the boat with Northcott.
After hearing the evidence and weighing the credibility of the witnesses, the trial court found that Todd satisfied his burden of proving that Ashlee committed adultery by a preponderance of the evidence based upon Ashlee’s admission of adultery coupled with the testimony concerning the times and places of her meetings with Northcott. After reviewing the record as a whole, we cannot say the trial court’s factual determination in this close case was clearly wrong. Thus, the assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, Ashlee Tidwell.
AFFIRMED.